Opinion filed February 22, 2007

















 
 
  
 
 







 
 
  
 
 




Opinion filed February 22, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00403-CR 

                                                     __________

 

                              TIMOTHY
SCOTT LAWSON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee 

 



 

                                         On
Appeal from the 350th District Court

 

                                                          Taylor County,
Texas

 

                                                   Trial
Court Cause No. 7313-D

 



 

                                                                   O
P I N I O N

 








Timothy Scott Lawson pleaded Ano contest@
to the first-degree felony offense of possession of methamphetamine with intent
to deliver.  The trial court found
appellant guilty of the offense and assessed his punishment at confinement for
a term of twelve years in the Institutional Division of the Texas Department of
Criminal Justice.  Prior to entering his Ano contest@
plea, appellant filed a written motion to suppress physical evidence seized
from him as a result of a warrantless search. 
Appellant challenges the trial court=s
denial of the motion to suppress in a single issue on appeal.[1]  We affirm.

                                                               Background
Facts   Officer Marc Valentine of the
Abilene Police Department testified that the department received a call from a
resident of an apartment complex about two men standing in the rear parking lot
of the apartments.  The resident, who
identified himself to the dispatcher, reported that the men possibly had guns
and were possibly Adoing
drug deals.@  Upon Officer Valentine=s
arrival at the apartment complex, he observed two men matching the description
provided by the caller standing behind a vehicle with the trunk open.  Officer Valentine parked his vehicle in front
of the apartment complex whereupon he approached the back of the apartments on
foot.  The two men were no longer
standing in the rear parking lot at that time. 
Officer Valentine subsequently found the men standing in the foyer area
of the apartment complex near the rear door.

Officer Valentine instructed appellant and the
other subject to show him their hands. 
Appellant was holding a Afanny
pack@ in one
of his hands.  Officer Valentine
immediately  removed a pocket knife from
appellant=s pocket
that was in view.  There were either two
or four officers on the scene at the time. 
Officer Valentine testified that the officers proceeded with conducting
a pat down search of the men based upon their concern for officer safety.








Officer Valentine conducted the pat down search of
appellant.  Officer Valentine testified
that appellant gave him consent to search his pockets.  The search of appellant=s pockets did not reveal any weapons or
contraband.  Officer Valentine then took
the fanny pack from appellant whereupon he felt of the contents of it without
opening it.  Officer Valentine testified
that he conducted this examination of the fanny pack out of concern that it
might contain a weapon.  Officer
Valentine testified that he felt a Ahard
L-shaped object@ inside
of the fanny pack that he believed to be a handgun.  Officer Valentine did not find a handgun in
his subsequent search of the contents of the fanny pack.  The L-shaped object that he believed to be a
handgun turned out to be a digital scale and a cell phone.  Officer Valentine also observed drug
paraphernalia inside of the fanny pack consisting of a straw containing a white
powdery substance and syringes.  Officer
Valentine subsequently placed handcuffs on appellant and transported him to the
police station for further investigation.

Appellant also testified at the hearing on the
motion to suppress.  His account of the
events was largely consistent with Officer Valentine=s
description.   Appellant testified that
he acted in a cooperative and non-threatening manner with Officer Valentine.

                                                  Standard of
Review

A trial court=s
ruling on a motion to suppress is reviewed for an abuse of discretion.  Balentine v. State, 71 S.W.3d 763, 768
(Tex. Crim.
App. 2002). In reviewing a trial court=s
ruling on a motion to suppress, appellate courts must give great deference to
the trial court=s
findings of historical facts as long as the record supports the findings. Torres
v. State, 182 S.W.3d 899, 902 (Tex.
Crim. App. 2005); Guzman v. State, 955 S.W.2d 85, 87 (Tex. Crim. App.
1997). Because the trial court is the exclusive fact-finder, the appellate court
reviews evidence adduced at the suppression hearing in the light most favorable
to the trial court=s ruling.
Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We also give deference to the trial court=s rulings on mixed questions of law and
fact when those rulings turn on an evaluation of credibility and demeanor.  Guzman, 955 S.W.2d at 89. Where such
rulings do not turn on an evaluation of credibility and demeanor, we review the
trial court=s actions
de novo.  Id.; Davila v. State, 4 S.W.3d
844 (Tex. App.CEastland
1999, no pet.). 

When the trial court does not make explicit
findings of fact, we review the evidence in the light most favorable to the
trial court=s ruling
and assume the trial court made findings that are supported by the record and
buttress its conclusion.  See Torres,
182 S.W.3d at 902; Carmouche, 10 S.W.3d at 327-28. We are obligated to
uphold the trial court=s
ruling on appellant=s motion
to suppress if that ruling was supported by the record and was correct under any
theory of law applicable to the case. State v. Ross, 32 S.W.3d 853, 856
(Tex. Crim.
App. 2000).

                                                                        Analysis








We begin our analysis by noting that appellant
concedes that Officer Valentine was permitted to frisk him for weapons.[2]  See Terry v. Ohio, 392 U.S. 1, 38  (1968) (during a lawful investigative
detention, an officer may conduct a limited search for weapons where an officer
reasonably believes that his safety or that of others is in danger).  Appellant=s
sole issue on appeal is that Officer Valentine exceeded the scope of his
authority under Terry when he extended his search for weapons to the
fanny pack.  Appellant argues in this
regard that Officer Valentine was not justified in his belief that the contents
of the fanny pack may have posed a danger to the officers at the scene.  Appellant premises this argument on several
factors, including:  (1) he was
cooperative with the officers at all times; (2) he did not attempt to flee; (3)
he did not make any threatening or furtive gestures; (4) he did not appear to
be intoxicated; (5) there were several officers on the scene when the fanny
pack was taken from appellant; (6) the officers were not afraid of appellant;
and (7) the officers did not have their weapons drawn.

If a protective search goes beyond what is
necessary to determine whether the detainee is armed, it is no longer valid
under Terry.  Minnesota
v. Dickerson, 508 U.S.
366 (1993).  The question of whether
Officer Valentine could frisk the outside of appellant=s
fanny pack is determined under an objective standard.  Griffin
v. State, No. PD-1036-05, 2006 WL 3733248, at *4 (Tex. Crim. App. Dec. 20, 2006).  The applicable inquiry is whether the facts
available to Officer Valentine at the time of the frisk would warrant a
reasonably cautious person to believe that the action taken was appropriate. Id.; O=Hara
v. State, 27 S.W.3d 548, 551 (Tex.
Crim. App. 2000).  Under this objective
standard, Officer Valentine=s
subjective beliefs regarding the danger posed by appellant is not
dispositive.  Griffin, 2006 WL 3733248 at *5. 








We conclude that Officer Valentine was objectively
justified in examining the outside of appellant=s
fanny pack to determine if it may have contained a weapon.  Officer Valentine initiated the contact with
appellant based upon a report from an informant located at the apartment
complex who identified himself to the police. 
The informant advised the police that appellant possibly possessed a gun
and that he was possibly involved in drug activity.  Under an objective view of the facts, the
informant=s report
that appellant possibly possessed a firearm was significant.  Even without the report of a weapon, the
report of appellant=s
possible drug activity was a fact supporting the belief that he may have been
armed.  Id. at *5 (participation in drug
activity is sufficient to establish the objectively reasonable belief that a
suspect is armed).  Officer Valentine=s initial discovery and removal of the
pocket knife did not eliminate the concern that appellant possessed a gun or
other type of weapon.  See O=Hara, 27 S.W.3d at 554.  Since appellant was not handcuffed at the
time of the detention, the possibility existed that he could have retrieved a
weapon from the fanny pack during his interaction with the officers.  Furthermore, we are not persuaded by
appellant=s
contention that the presence of additional officers at the scene extinguished
the possibility that he may have obtained a weapon from the fanny pack to use
against the officers. 

Appellant cites Tucker v. State, 135 S.W.3d
920, 923-26 (Tex. App.CAmarillo
2004, no pet.), in support of his contentions on appeal.  While Tucker also involved the frisk
of a fanny pack, it is distinguishable from the facts in this appeal in several
respects.  The police stopped the
defendant in Tucker for a traffic offense.  During the course of the stop, the officer
observed a bulge in a fanny pack worn by the defendant.  The court concluded that, standing alone, the
officer=s
observation of the bulge did not justify a frisk.  Id.
at 926.  As noted by the court in Tucker,
the officer A[had] no
prior information from third parties about the presence of a gun.@ 
Id.
at 925-26.  Thus, Tucker is
readily distinguishable because Officer Valentine had information from an
identified  informant that appellant
possibly possessed a gun.  Appellant=s sole issue is overruled.

                                                               This
Court=s Ruling

The judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

February 22, 2007

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]The trial court=s ACertification of Defendant=s Right to Appeal@
indicates that the trial court gave appellant permission to appeal.  See Tex.
R. App. P. 25.2.





[2]Appellant stated as follows in his brief: AUpon approaching the Appellant, the officer was
arguably allowed to talk to Appellant and frisk him for weapons.@