Opinion filed June 14, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed June 14, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00206-CR 

                                                     __________

 

                                KEVIN
DEWAYNE PAGAN, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 29th District Court

 

                                                      Palo Pinto County, Texas

 

                                                   Trial
Court Cause No. 12,745

 



 

                                                                   O
P I N I O N

 

Kevin Dewayne Pagan pleaded guilty to the state
jail felony offense of possession of methamphetamine in the amount of less than
one gram.  The trial court sentenced him
to twenty-two months confinement in a state jail facility and a $2,000
fine.  We reverse and remand. 

Background Facts 








Appellant was indicted for possession of
methamphetamine in the amount of less than one gram.  Appellant filed a motion to suppress the
evidence seized at the traffic stop asserting that his constitutional and
statutory rights were violated under the Fourth, Fifth, Sixth, and Fourteenth
Amendments of the United States Constitution; Article I , section 9 of the
Texas Constitution; and Tex. Code Crim.
Proc. Ann. art. 38.23 (Vernon 2005). 
At the hearing on appellant=s
motion to suppress, Officer Michael Don Stoner testified that he observed
appellant driving at a high rate of speed and failing to stop at a stop
sign.   Officer Stoner initiated a
traffic stop.  Officer Stoner testified
that he smelled an odor of alcohol on appellant=s
breath and that appellant admitted to having a few beers.  Officer Stoner testified that he obtained
appellant=s consent
to search the vehicle for open containers of alcohol.  During the search, he found a cigarette
package with a syringe sticking out of it. 
Officer Stoner testified that, as he approached appellant with the
cigarette package, appellant took off running. 
Officer Stoner testified that he looked inside the cigarette package and
that, next to the syringe, he saw a plastic bag containing a white powdery
substance, which was later determined to be methamphetamine.  After the hearing, the trial court denied
appellant=s motion
to suppress.

Issue on Appeal 

In a sole issue, appellant contends that the trial
court erred in denying his motion to suppress evidence seized from inside the
vehicle he was driving. 

Standard of Review 








A trial court=s
ruling on a motion to suppress is reviewed for an abuse of discretion.  Balentine v. State, 71 S.W.3d 763, 768
(Tex. Crim.
App. 2002).  In reviewing a trial court=s ruling on a motion to suppress,
appellate courts must give great deference to the trial court=s findings of historical facts as long
as the record supports the findings. Torres v. State, 182 S.W.3d 899,
902 (Tex.
Crim. App. 2005); Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App.
1997).   Because the trial court is the
exclusive fact-finder, the appellate court reviews evidence adduced at the
suppression hearing in the light most favorable to the trial court=s ruling and sustains the trial court=s ruling if it is reasonably correct on
any theory of law applicable to the case. 
Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We also give deference to the trial court=s rulings on mixed questions of law and
fact when those rulings turn on an evaluation of credibility and demeanor.  Guzman, 955 S.W.2d at 89.  Where such rulings do not turn on an
evaluation of credibility and demeanor, we review the trial court=s actions de novo.  Myers v. State, 203 S.W.3d 873, 879
(Tex. App.CEastland
2006, pet. ref=d).  A question turns on an evaluation of
credibility and demeanor when the testimony of one or more witnesses, if
believed, is always enough to add up to what is needed to decide the
substantive issue.  Loserth v. State,
963 S.W.2d 770, 773 (Tex. Crim. App. 1998). 


Consent to Search  

            Appellant argues that Officer Stoner exceeded
the scope of the consent to search by seizing and looking inside the cigarette
package.  Consent to search operates as
an exception to the Fourth Amendment=s
warrant requirement.  State v. Ibarra,
953 S.W.2d 242, 243 (Tex. Crim. App. 1997); Myers, 203 S.W.3d at
886.  A suspect may limit the scope of
the search to which he consents.  Florida
v. Jimeno, 500 U.S.
248, 251 (1991); Simpson v. State, 29 S.W.3d 324, 330 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d). 
The scope of the consent is defined by what a typical reasonable person
would have understood by the exchange between the officer and the suspect. Simpson,
29 S.W.3d at 330.  Absent an explicit
limitation by the person, consent to search inside a vehicle includes consent
to search containers that could contain the object of the search.  Jimeno, 500 U.S. at 251; Vargas v. State, 18
S.W.3d 247, 254 (Tex. App.CWaco
2000, pet. ref=d).

In this case, the consent to search was limited to
the search of the vehicle for open containers. 
Officer Stoner testified that he only wanted to search the vehicle for
open containers because of the smell of alcohol on appellant=s breath.  Appellant testified that he understood the
search to be only for open containers of alcohol.  Officer Stoner testified that he looked
inside the center console and discovered a cigarette package bound together
with the syringe sticking out of the top of it. 
He further testified that the center console was large enough to hold an
open container of alcohol.  Appellant did
not limit his consent to exclude the compartments in the vehicle.  Officer Stoner did not exceed the scope of
the search when he looked in the center console. 








Officer Stoner seized the cigarette package when
he removed it from the vehicle.  See
Arizona v. Hicks, 480 U.S. 321,
324-25 (1987). Officer Stoner testified that, before looking inside the
cigarette package, he approached appellant with the package and asked, “What=s this?”  Appellant fled.  Officer Stoner then looked inside the
cigarette package and discovered a plastic bag with a white powdery substance,
which was later determined to be methamphetamine.  Appellant=s
consent did not extend to the cigarette package.  An open container of alcohol could not fit
inside a cigarette package.  Therefore,
it was not proper for Officer Stoner to seize and search the cigarette package
based on appellant=s consent
as an exception to the Fourth Amendment. 

Plain View Doctrine

The State argues that, once Officer Stoner saw the
syringe, he had probable cause to seize the cigarette package.  The trial court denied appellant=s motion to suppress because of his
consent. The State initially stated in its brief that it agreed with this
finding but then briefed the issue of probable cause.  This is relevant only to the plain view
doctrine.  We will, therefore, consider
whether the seizure was justified on this alternative basis. 

The plain view doctrine allows officers to seize
evidence in plain view without a warrant. 
Coolidge v. New Hampshire, 403 U.S. 443, 465
(1971).  When an item can be observed and
seized without involving any invasion of privacy, it is in plain view.  Texas
v. Brown, 460 U.S. 730,
738-39 (1983); Walter v. State, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000).  In order to seize an item in plain view, an
officer must have probable cause to believe that the object is evidence of a
crime.  Hicks, 480 U.S. at 326; Williams
v. State, 743 S.W.2d 642, 644 (Tex. Crim. App. 1988).  A police officer has probable cause to seize
an item if “the facts available to the officer would warrant a man of
reasonable caution in the belief that certain items may be contraband or stolen
property or useful as evidence of a crime.” 
Brown, 460 U.S.
at 742; Waugh v. State, 51 S.W.3d 714, 717 (Tex. App.CEastland 2001, no pet=n). 
For the plain view doctrine to apply, three requirements must be
satisfied:  (1) the officer must have a
prior justification or otherwise properly be in a position from which he can
view the area; (2) the discovery of the incriminating evidence must be
inadvertent; and (3) it must be immediately apparent to the officer that the
item may be evidence of a crime, contraband, or otherwise subject to seizure.  Coolidge, 403 U.S. at 465‑70;
White v. State, 729 S.W.2d 737, 739 (Tex. Crim. App. 1987).








In this case, Officer Stoner was justified in
searching the vehicle and the center console because of appellant=s consent, and he inadvertently
discovered the cigarette package and syringe. Officer Stoner testified that he
immediately saw the syringe sticking out of the end of the package.  He further testified that, when he observed
the cigarette package with the syringe sticking out of it, he did not observe
anything that looked like methamphetamine. 
Officer Stoner testified that a syringe that is brand new and has not
been used for drugs is not illegal.  He
also testified that  he could not tell if
the syringe had been used for drugs just by looking at it.  Thus, there was no evidence that it was “immediately
apparent” to Officer Stoner that the syringe was illegal.  “[T]he >plain
view= doctrine
may not be used to extend a general exploratory search from one object to
another until something incriminating at last emerges.” Coolidge, 403 U.S. at
466-67.  Because Officer Stoner did not
have probable cause at the time he seized the cigarette package, the removal
and further search of the cigarette package was not justified.  The trial court erred in denying appellant=s motion to suppress.  We sustain appellant=s
issue on appeal.

Conclusion 

We reverse and remand this cause to the trial
court for further proceedings consistent with this opinion.

 

 

RICK STRANGE

JUSTICE

 

June 14, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange. J.