Jeffrey TORRES, Appellant,

v.

The STATE of Texas.

No. PD–1322–04.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 7, 2005.

Brian W. Wice, Ross Palmie, Houston, for appellant.

Robinson C. Ramsey, Asst. D.A., San Antonio, Matthew Paul, State's Attorney, Austin, for state.

### OPINION

JOHNSON, J., delivered the opinion of the Court, in which PRICE, WOMACK, KEASLER, HERVEY and COCHRAN, JJ., joined.

In the early morning hours of October 5, 2000, appellant drove his vehicle off the road and into the porch of a house located in rural Wharton County. After the accident, Department of Public Safety (DPS) Trooper William Sulak arrested appellant for driving while intoxicated (DWI) in violation of TEX. PENAL CODE § 49.04. After his motion to suppress evidence was denied, appellant plead guilty pursuant to a plea agreement, and the trial court sentenced him to 180 days in jail, probated for one year. Appellant appealed, asserting that the trial court had erroneously denied his motion to suppress evidence. Appellant argued that his custodial interrogation violated both the Fifth Amendment of the United States Constitution and TEX.CODE CRIM. PROC. art. 38.22 and that probable cause sufficient to justify his warrantless arrest for DWI did not exist.

The court of appeals, relying on *Berkemer v. McCarty*, 468 U.S. 420, 438–39, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984), found that appellant's responses to Trooper Sulak's initial questions were admissible because appellant was not in custody for *Miranda* purposes and that Trooper Sulak had failed to articulate sufficient facts to support probable cause to arrest appellant. *Woodward v. State*, 668 S.W.2d 337, 345 (Tex.Crim.App.1982). The court of ap-

peals reversed the judgment and sentence and remanded the cause to the trial court. *Torres v. State*, 2004 WL 2336088, 2004 Tex.App. LEXIS 5351, No. 13–02–070–CR (Tex.App.-Corpus Christi [13th Dist.], delivered June 17, 2004, unpublished). The state petitioned for discretionary review, contending in its sole ground for review[1] that the court of appeals erred in concluding that Trooper Sulak lacked the probable cause necessary to arrest appellant. We affirm the judgment of the court of appeals.

The record from the suppression hearing indicates that Trooper Sulak was awakened at 2:38 a.m. to investigate the accident in which appellant was involved. Although two county sheriff's deputies were first on the scene, DPS investigates all accidents in rural areas in Wharton County. Trooper Sulak arrived at 3:07 a.m. and noted that appellant's vehicle had left the public roadway and traveled approximately 150 feet before crashing into the porch. The two sheriff's deputies told Trooper Sulak only that they believed that appellant was intoxicated. Trooper Sulak spoke to the homeowners and questioned appellant, who explained that he was unfamiliar with the road and had made a wrong turn. Trooper Sulak did not ask appellant if he had been drinking nor did he administer any field sobriety tests to confirm or dispel the deputies' suspicions, even though he was certified to administer such tests. Trooper Sulak simply arrested appellant and took him to the hospital after he noticed that appellant was favor-

ing one arm. Appellant was treated at the hospital for a broken arm and a cracked rib and was then transported to the sheriff's office for a breath test, which appellant refused.

■■■■ Generally, a warrantless arrest is, pursuant to the Fourth Amendment, unreasonable *per se* unless the arrest fits into one of a "few specifically defined and well delineated exceptions." *Minnesota v. Dickerson*, 508 U.S. 366, 372, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). A police officer may arrest an individual without a warrant only if probable cause exists with respect to the individual in question and the arrest falls within one of the exceptions set out in TEX.CODE CRIM. PROC. art. 14.01–14.04. *Lunde v. State*, 736 S.W.2d 665, 666 (1987).[2] In *Castillo v. State*, 818 S.W.2d 803 (Tex.Crim.App.1991), we said that probable cause for a warrantless arrest exists when facts and circumstances within the officer's knowledge *and* about which he or she has reasonably trustworthy information are sufficient to warrant a person of reasonable caution to believe that an offense was or is being committed. *Id.* at 805 n. 4 (emphasis added). However, a probable-cause standard which requires an officer to have both personal knowledge *and* facts or circumstances about which the officer has trustworthy information is unreasonable. This Court has previously held in separate cases that a warrantless arrest is permitted by TEXAS CODE CRIM. PROC. 14.01(B) if officers possess

---

1. "Whether the court of appeals erroneously ruled that an officer did not have probable cause to arrest a defendant who had crashed his car onto the front porch of a residence at an early morning hour when two other officers, who had personally observed the defendant at the scene, informed the arresting officer that, in their opinions, the defendant was intoxicated."

2. TEX.CODE CRIM. PROC. arts. 14.01–14.04 delineates the limited circumstances in which a police officer may effect a warrantless arrest. These circumstances include public intoxication, commission of an offense within view of a police officer or magistrate, and commission of a felony offense upon representation of a credible person.

personal knowledge [3] and if they have information from reasonably trustworthy sources that an offense was or is being committed.[4] Because *Castillo* may be interpreted to require both personal knowledge and trustworthy information, we overrule it and its progeny only to the extent that it requires both kinds of information to support probable cause.

A trial judge is the sole trier of fact at a suppression hearing and thus evaluates witness testimony and credibility. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex.Crim.App.2002)(citing *Allridge v. State*, 850 S.W.2d 471, 493 (Tex.Crim.App. 1991)). When we review a trial court's ruling on a motion to suppress, we give great deference to the trial court's determination of historical facts while reviewing the court's application of the law *de novo*. *Maxwell*, 73 S.W.3d at 281 (citing *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim.App.2000)). The appellate court must view the evidence in a light most favorable to the trial court's ruling when the trial court does not file any findings of fact. *Id.* When, as here, no such findings of fact were made, the appellate court will assume that the trial court made implicit findings of fact that support its ruling, as long as the findings are supported by the record. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990). The initial burden of proof on a motion to suppress evidence on the basis of a Fourth Amendment violation rests with the defendant. *Russell v. State*, 717 S.W.2d 7, 9 (Tex.Crim.App.1986)(citing *Mattei v. State*, 455 S.W.2d 761, 765–66 (Tex.Crim.App. 1970)). The defendant meets this burden by demonstrating that the search occurred without a warrant. *Id.* Thereafter, the burden shifts to the state to prove the reasonableness of the warrantless search.

*Id.* at 10 (citing *Lalande v. State*, 676 S.W.2d 115, 116 (Tex.Crim.App.1984)). The state may satisfy this burden by showing that one of the statutory exceptions to the warrant requirement is met. *McGee*, 105 S.W.3d at 613. An unarticulated "hunch," a suspicion, or the good faith of the arresting officer is insufficient to support probable cause to justify a warrantless arrest. *McDougald v. State*, 547 S.W.2d 40, 42 (Tex.Crim.App.1977). The "totality of the circumstances" test applies in Texas for determining probable cause for a warrantless search. *Amores v. State*, 816 S.W.2d 407, 413 (Tex.Crim.App.1991)(citing *Eisenhauer v. State*, 754 S.W.2d 159, 164 (Tex.Crim.App. 1988)).

After reviewing *de novo* the determination of probable cause for a warrantless search and seizure in this case, we conclude that, given the totality of the circumstances, the state failed to carry its burden to justify the warrantless arrest of appellant. Probable cause for a warrantless arrest requires that the officer have a reasonable belief that, based on facts and circumstances within the officer's personal knowledge, *McGee* at 614, or of which the officer has reasonably trustworthy information, an offense has been committed, *Brother* at 257–58. The state argues that this Court must examine the cumulative information known by the arresting officers in determining whether probable cause existed for the arrest. Although the state correctly cites this proposition of law, it overlooks the requirement that probable cause must be based on facts, not opinions. *See Ford v. State*, 158 S.W.3d 488, 493–94 (Tex.Crim.App.2005)("Mere opinions are ineffective substitutes for specific, articulable facts. . . .").

---

**3.** *McGee v. State*, 105 S.W.3d 609, 614 (Tex. Crim.App.2003)

**4.** *Brother v. State*, 166 S.W.3d 255, 257–58 (Tex.Crim.App.2005).

■ The evidence in this case indicates that facts establishing probable cause to arrest appellant were not shown. The arrest was based on opinions expressed to Trooper Sulak by the county sheriff's deputies who were at the scene. The deputies' unexplained opinions about whether appellant was intoxicated did not give Trooper Sulak personal knowledge of, or reliable information about, facts or circumstances sufficient to justify appellant's arrest. *Id.* at 494 ("It is true that law enforcement training or experience may factor into a reasonable-suspicion analysis.... But reliance on this special training is insufficient to establish reasonable suspicion absent objective factual support."). The sheriff's deputies did not articulate supporting facts upon which their opinions were based. Rather, the deputies merely asserted that appellant appeared to them to be intoxicated. The deputies did not testify at the suppression hearing and, therefore, we would have to speculate about what information (e.g., appellant's physical appearance, behavior, responses to questions, etc.) led the deputies to this conclusion.

Trooper Sulak also lacked any personal knowledge about the accident or the circumstances surrounding it. He did not testify that he asked appellant whether he had been drinking or that he had administered any field sobriety tests to confirm the sheriff's deputies' suspicions, nor did he testify that he smelled the odor of alcoholic beverages on appellant's breath or that he observed common signs of intoxication such as slurred speech or problems with balance. The only question posed by Trooper Sulak to appellant was to inquire how the accident occurred, and appellant responded that he was unfamiliar with the road and had made a wrong turn.[5] This one question and answer is insufficient to show probable cause to believe that appellant was intoxicated.

The state also argues that, according to *Marquez v. State,* 725 S.W.2d 217 (Tex. Crim.App.1987), the probable-cause requirement is met here because police officers are inherently reliable. However, opinions, even those of police officers, cannot be transformed into facts without supporting evidence.

The probable-cause requirement is grounded on a factual examination of the totality of the circumstances. In *Marquez,* the presumption of reliability was based on the facts stated in probable-cause affidavits, not the bare conclusions and opinions of police officers. *Marquez,* 725 S.W.2d at 233. We recognize that, generally, police officers are a reliable source of information. However, *Marquez* should not be interpreted to mean that the opinions of police officers are reliable even if those opinions are expressed without articulation of supporting facts and circumstances. Considering the *facts and circumstances* that were known personally to Trooper Sulak or which had been conveyed to him by reasonably trustworthy sources, probable cause to arrest appellant did not exist.

We affirm the judgment of the court of appeals.

MEYERS, J., filed a dissenting opinion.

HOLCOMB, J., filed a dissenting opinion, in which KELLER, P.J., joined.

5. At the time of the suppression hearing, Trooper Sulak was retired and had no independent recollection of the incident. His field notes had been lost. His official report, written "probably about a week" after the event, reflected that he had also asked appellant where appellant had been coming from and that appellant had answered that he had come from "Lucky's." The record does not include information about "Lucky's."

MEYERS, J., dissenting.

Because I feel that the officer in this case had probable cause to arrest the appellant, I respectfully dissent.

HOLCOMB, J., dissenting, in which KELLER, P.J., joined.

I respectfully dissent. In my view, the court of appeals erred in holding that the trial court erred in denying appellant's motion to suppress. I would reverse the judgment of the court of appeals and affirm the judgment of the trial court.

The record reflects the following relevant facts. On October 23, 2000, appellant was charged by information with driving while intoxicated.[1] On May 17, 2001, appellant filed a boilerplate pretrial motion to suppress "any and all evidence seized or obtained as a result of illegal acts." Appellant did not specify in the motion what evidence he wanted suppressed, but, citing the Fourth Amendment, he asserted that the evidence in question was the fruit of a warrantless arrest made without probable cause.[2]

On November 28, 2001, the trial court held a hearing on appellant's motion to suppress. Trooper William E. Sulak of the Department of Public Safety (DPS) was the only witness who testified at that hearing. According to Trooper Sulak, the DPS dispatcher for Wharton County contacted him at 2:38 a.m. on October 5, 2000, and directed him to investigate an accident that had occurred just off a county road in a rural part of the county. Sulak proceeded to the scene of the accident in his patrol car, and, upon arriving at the scene at 3:07 a.m., he found evidence of a one-car traffic accident. From the evidence at the scene, it appeared to Sulak that a car had left the public roadway, traveled approximately 150 feet toward a private residence, and had then collided with the porch of the residence, damaging it. Sulak also found appellant, the apparent driver of the car involved in the accident, sitting in the back seat of a deputy sheriff's patrol car. Two deputy sheriffs, who had arrived at the scene earlier, told Sulak that appellant was, in their opinion, "very intoxicated." After speaking with the deputy sheriffs and the owner of the residence, Sulak asked appellant what had happened, and appellant responded that he had just come from "Lucky's," that he "was not familiar with the road," and that he had "made a wrong turn." Shortly thereafter, Sulak placed appellant under arrest.

At the conclusion of the evidentiary portion of the suppression hearing, appellant argued to the trial court that it should suppress "everything that happened out there that evening and subsequently" because the State had failed to prove that Sulak had had probable cause to support his warrantless arrest of appellant. The trial court denied appellant's motion.[3]

---

1. Texas Penal Code § 49.04 provides that "[a] person commits an offense if the person is intoxicated while operating a motor vehicle in a public place." Texas Penal Code § 49.01(2)(A) defines "intoxicated" as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body."

2. Any arrest must, of course, be supported by probable cause. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

3. Since appellant never specified in the trial court what evidence he wanted suppressed, it may be that the trial court could have properly denied his motion to suppress on that basis alone. See *Johnson v. State*, 548 S.W.2d 700, 706 (Tex.Crim.App.1977) (appellate court perceives no error in trial court's denial of motion to suppress "[s]ince the appellant fails to state what evidence, if any, was obtained as a

On December 6, 2001, appellant pled guilty, pursuant to a plea bargain, to the offense alleged in the information. The trial court assessed appellant's punishment at incarceration for 180 days, probated for one year. The trial court also gave appellant permission to appeal from the denial of his pretrial motion to suppress.

On direct appeal to the Thirteenth Court of Appeals, appellant reiterated his argument that the State had failed to prove that Sulak had had probable cause to support the arrest. On June 17, 2004, that court, in an unpublished opinion, accepted appellant's argument and reversed the judgment of the trial court:

> Sulak testified that at some point after arriving at the scene of the accident, the deputies told him that Torres was very intoxicated. The record does not reflect how the deputies came to this conclusion. Sulak did not remember whether the occupants of the residence also mentioned Torres's condition. At the scene, Sulak did not ask Torres whether he had been drinking and did not otherwise administer any field sobriety tests. There was no testimony concerning Torres's physical appearance at the scene. . . .

\* \* \*

We hold that the trooper did not articulate sufficient facts to support probable cause to arrest appellant. His warrantless arrest was therefore illegal. We hold that the trial court erred in denying appellant's motion to suppress.

*Torres v. State,* No. 13–02–070–CR, slip op. at 6 & 9, 2004 WL 2336088 (Tex.App.-Corpus Christi 2004).

On February 9, 2005, we granted the State's petition for discretionary review in order to determine whether the court of appeals erred in its Fourth Amendment probable cause analysis. The majority of this Court now holds that the court of appeals did not err.

Under the Fourth Amendment, "[p]robable cause [to arrest] exists where the facts and circumstances within . . . the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Brinegar v. United States,* 338 U.S. 160, 175–176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949) (some internal punctuation omitted). In my view, given the evidence adduced at the suppression hearing, the trial court could have properly concluded that, at the moment Trooper Sulak arrested appellant, Sulak had probable cause to support that arrest.

According to Sulak's testimony, at the moment he arrested appellant, he knew (1) that appellant, in the wee hours of the morning, had just left an establishment known as "Lucky's"; (2) that appellant had driven his vehicle off the public roadway 150 feet and had then collided with a house; (3) that appellant's only explanation for this bizarre circumstance was his "unfamiliarity" with the public roadway and his accidental "wrong turn" off that roadway; and (4) that two deputy sheriffs at the scene, who had obviously been talking with appellant, had concluded that he was "very intoxicated." Given this information, a reasonable law enforcement officer could scarcely have come to any conclusion other than that appellant had

result of the alleged unlawful arrest and what evidence, if any, obtained incident to the alleged unlawful arrest was introduced [at trial]"); W. LaFave, *Search and Seizure: A Trea-* *tise on the Fourth Amendment* § 11.2(a) at 35 (4th ed.2004) (a motion to suppress "must of course identify the items which the defendant seeks to suppress").

probably been driving while intoxicated. Indeed, *even in the absence of the deputy sheriffs' opinions regarding appellant,* Sulak could have reasonably concluded that, more likely than not, appellant's explanation for the accident was less than completely truthful and that appellant, had he had the normal use of his mental and physical faculties, would not have turned off the county road as he did, would not have driven 150 feet toward a private residence as he did, and would not have crashed into that residence as he did.

I respectfully dissent.