Affirmed and Memorandum Opinion filed June 13, 2006









Affirmed and Memorandum Opinion filed June 13, 2006.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-05-00614-CR

_______________

 

HOMER RAY WASHINGTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 209th District Court

Harris County, Texas

Trial Court Cause No. 993,344

                                                                                                                                               


 

M E M O R A N D U M  
O P I N I O N

 








Homer
Ray Washington appeals a conviction for possession of heroin weighing more than
one gram and less than 4 grams[1]
on the ground that the trial court erred by denying his motion to suppress
because: (1) the State failed to introduce any evidence that a crime had been
committed in the arresting officer=s presence so as to establish
probable cause; (2) the arresting officer did not testify that he had a warrant
to arrest or search appellant, or that appellant consented to the search; and
(3) there was nothing in the record to justify a stop of appellant.  We affirm.

We
review a trial court's ruling on a motion to suppress evidence for abuse of
discretion.  Swain v. State, 181
S.W.3d 359, 365 (Tex. Crim. App. 2005). 
We afford almost total deference to the trial court's determinations of
historical facts that involve an evaluation of the credibility and demeanor of
the witnesses[2]
and review the court=s application of search and seizure law de novo.[3]
        

A
warrantless arrest by a police officer is reasonable under the Fourth Amendment
to the United States Constitution[4]
where there is probable cause to believe that a criminal offense has been or is
being committed.  Devenpeck v. Alford,
543 U.S. 146, 152 (2004). Probable cause requires that the officer have a
reasonable belief that, based on facts and circumstances within the officer=s personal knowledge, or of which the
officer has reasonably trustworthy information, an offense has been
committed.  Torres v. State, 182
S.W.3d 899, 902 (Tex. Crim. App. 2005). 
Additionally, when an officer makes an arrest, he may search the
arrestee to seize any evidence on his person. 
Chimel v. California, 395 U.S. 752, 762-63 (1969).








In
this case, Officer Scoggins, who had worked in the narcotics division for the
past ten years, testified that: (1) he and his partner, Officer Wood, went to a
mainly residential area with a vacant lot known for heavy narcotics trafficking
to conduct an investigation; (2) the targets of the investigation were a
suspect named Kevin Bolding and an unnamed one-armed individual, whose
description matched appellant=s appearance; (3) after Wood detained Bolding and other
police officers arrived in marked police cars, appellant briskly walked away
from the scene; (4) when appellant saw Scoggins following him, appellant
started to run, appeared nervous, and looked over his shoulder; (5) while
directly behind appellant, Scoggins observed appellant place a ziplock bag
containing other ziplock bags into his left pocket; (6) Scoggins had a good view
of the bag and, based on his training and experience, believed that the bags
contained heroin; and (7) he pushed appellant down, handcuffed appellant, and
recovered the bag containing heroin from appellant=s left front pocket.

When
Scoggins saw appellant, who matched the targeted suspect=s description, in a known drug
trafficking area nervously walking away from a scene where another suspect was
being detained and as other police officers arrived, he had reasonable
suspicion to pursue and detain appellant. 
See Illinois v. Wardlow, 528 U.S.119, 121,124-25 (2000).  When Scoggins then observed appellant
apparently possessing heroin while fleeing under these circumstances, there was
probable cause to arrest appellant without a warrant and conduct a search of
appellant=s person incident to the arrest.  Therefore, appellant=s issue does not show that the trial
court erred in denying appellant=s motion to suppress and is
overruled. The judgment of the trial court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

 

Judgment rendered
and Memorandum Opinion filed June 13, 2006.

Panel consists of
Justices Anderson, Edelman, and Frost.

Do not publish C Tex.
R. App. P. 47.2(b).











[1]           A jury
found appellant guilty and the trial court assessed punishment at 25 years= confinement. 





[2]           Masterson
v. State, 155 S.W.3d 167, 170 (Tex. Crim. App. 2005), cert. denied,
74 U.S.L.W. 3471 (U.S. Feb. 21, 2006). 





[3]           Ballentine
v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).





[4]           Because
appellant does not contend that article I, section 9 of the Texas Constitution
provides greater protection than the United States Constitution, we review this
issue only under the Fourth Amendment.  See
Manns v. State, 122 S.W.3d 171, 192 n.97 (Tex. Crim. App. 2003).