Affirmed and Memorandum Opinion filed October 24, 2006








Affirmed and Memorandum Opinion filed October 24, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00858-CR

_______________

 

ARTHUR LEE BANKS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 995,196

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Arthur Lee Banks appeals a conviction
for possession with intent to deliver cocaine[1]
on the ground that the trial court erred by denying his motion to suppress the
evidence of cocaine found in his duffel bag because it was obtained as a result
of: (1) an arrest without probable cause; and (2) a search of his duffel bag in
his motel room without a search warrant, probable cause, or exigent
circumstances.  We affirm.








We review a trial court's ruling on a
motion to suppress evidence for abuse of discretion.  Swain v. State,
181 S.W.3d 359, 365 (Tex. Crim. App. 2005), cert. denied, 75 U.S.L.W.
3168 (2006).  We review a trial court's application of the law to the facts of
the case de novo.  Estrada v. State, 154 S.W.3d 604, 607 (Tex.
Crim. App. 2005).  However, we afford almost total deference to the trial
court's determinations of historical facts that involve an evaluation of the
credibility and demeanor of the witnesses. Masterson v. State, 155
S.W.3d 167, 170 (Tex. Crim. App. 2005), cert. denied, 126 S. Ct. 1330
(2006).  Where, as here, no findings of fact were made, we view the evidence in
the light most favorable to the trial court's ruling and assume that the trial
court made implicit findings of fact that support its ruling and are supported
by the record.  Torres v. State, 182 S.W.3d 899, 902 (Tex. Crim. App.
2005).

A warrantless arrest by a police
officer is reasonable under the Fourth Amendment to the United States
Constitution[2] where there
is probable cause to believe that a criminal offense has been or is being
committed.  Devenpeck v. Alford, 543 U.S. 146, 152 (2004). Probable
cause requires that the officer have a reasonable belief that an offense has
been committed based on facts and circumstances within the officer's personal
knowledge or of which the officer has reasonably trustworthy information.  Torres,
182 S.W.3d at 902.

A warrantless search is illegal
unless it is conducted pursuant to an exception to the warrant requirement,
such as with valid consent.  Schneckloth v. Bustamonte, 412 U.S. 218,
219 (1973); Rayford v. State, 125 S.W.3d 521, 528 (Tex. Crim. App.
2003).  The validity of a consent to search is a question of fact to be
determined from all the circumstances.[3]  Ohio v.
Robinette, 519 U.S. 33, 40 (1996); Rayford, 125 S.W.3d at 528.








In this case, police officers Jordan,
Hernandez, and Davis[4] were
conducting a narcotics investigation.  As part of the investigation, Jordan
picked up Rachel Bryant, who knew where they could buy some cocaine.  She
directed Jordan to appellant=s motel room.  Jordan parked his unmarked car close to the
motel room, gave Bryant a marked twenty-dollar bill, and observed her enter
appellant=s motel room.  Jordan had a clear view of appellant as appellant peeked
through the window.  A few minutes later, Bryant exited appellant=s room and came back with cocaine. 
While Jordan and Bryant drove to a convenience store, where Bryant was later
arrested by Davis, Hernandez maintained surveillance of appellant=s motel room to ensure no one entered
or left the room.  Davis, followed by Jordan in his unmarked car, then drove to
appellant=s motel room and knocked on appellant=s door.  When appellant answered the
door, Jordan identified appellant, and Davis took him into custody.  Davis
searched appellant,[5] recovered the
marked twenty-dollar bill (which Jordan identified), and arrested appellant. 
Because this evidence shows that the police officers had reasonably trustworthy
information that appellant had committed an offense by selling Bryant cocaine,
there was probable cause to arrest him.[6]








After appellant was arrested, he
requested that Jordan retrieve his wallet from his duffel bag, which was still
located in the motel room.  Jordan brought the duffel bag outside and, while
looking for appellant=s wallet, discovered a large chunk of cocaine in the bag. 
Because this evidence shows that the warrantless search of the bag was
conducted with appellant=s consent, appellant fails to demonstrate that the search was
illegal.  Accordingly, appellant=s sole issue, challenging the denial
of his motion to suppress, is overruled, and the judgment of the trial court is
affirmed.      

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed October 24, 2006.

Panel consists of Justices Fowler,
Edelman, and Frost.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           The trial court found appellant guilty,
found two enhancement paragraphs true, and imposed a sentence of 25 years
confinement.





[2]           Because appellant does not contend that
article I, section 9 of the Texas Constitution provides greater protection than
the United States Constitution, we review this issue only under the Fourth
Amendment. See Manns v. State, 122 S.W.3d 171, 192 n.97 (Tex.
Crim. App. 2003).





[3]           Although the United States Constitution
requires the State to prove the validity of the consent by only a preponderance
of the evidence, the Texas Constitution requires the State to show it by clear
and convincing evidence.  Rayford, 125 S.W.3d at 528.





[4]           Davis was the only officer wearing a police
uniform.





[5]           Appellant did not challenge the validity of
this search.





[6]           Although appellant argues on appeal that
his arrest was illegal under article 14.03 of the Texas Code of Criminal
Procedure, he failed to make this argument in the trial court and thus waived
that complaint for appellate review.  See Tex. R. App. P. 33.1(a); Broxton v.State, 909 S.W.2d
912, 918 (Tex. Crim. App. 1995).