Opinion filed November 15, 2007 











 
 
  
 
 







 
 
  
 
 




Opinion filed November 15,
2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00319-CR 

                                                    __________

 

                            CHARLES DELMON PEOPLES, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 350th District Court

 

                                                          Taylor
County, Texas

 

                                                   Trial
Court Cause No. 7663-D

 



 

                                                                   O
P I N I O N

The
trial court convicted Charles Delmon Peoples, upon his plea of no contest, of
possession of cocaine with the intent to deliver.  Appellant also entered a
plea of true to both enhancement allegations.  Pursuant to the plea bargain
agreement, the trial court imposed a sentence of confinement for seventeen
years.  We affirm.

                                                              Argument
on Appeal








In
his sole point of error, appellant contends that the trial court erred by
denying his motion to suppress.  Appellant contends that the affidavit
supporting the search warrant did not establish probable cause because it
failed to state any information concerning the confidential informant=s experience in identifying
controlled substances, did not contain any information concerning appellant=s activities at the
location to be searched, did not establish who owned the property, did not
contain information concerning when the surveillance had been conducted or what
the surveillance revealed about appellant=s
behavior, did not address if appellant lived at the location or if appellant
had been observed engaging in prior illegal behavior, did not estimate the
amount of contraband the confidential informant had purportedly seen in
appellant=s
possession, and did not  state that the affiant had any information that
corroborated the informant=s
information.  Therefore, appellant
contends that the affidavit did not reflect sufficient probable cause to issue
a  search warrant. We disagree.

                                                              Standard
of Review

A
trial court=s ruling
on a motion to suppress is reviewed for an abuse of discretion.  Balentine
v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).  In reviewing a trial
court=s ruling on a
motion to suppress, appellate courts must give great deference to the trial
court=s findings of
historical facts as long as the record supports the findings.  Torres v.
State, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); Guzman v. State,
955 S.W.2d 85, 87 (Tex. Crim. App. 1997).  Because the trial court is the
exclusive fact‑finder, the appellate court reviews evidence adduced at
the suppression hearing in the light most favorable to the trial court=s ruling.  Carmouche v.
State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We also give deference
to the trial court=s rulings
on mixed questions of law and fact when those rulings turn on an evaluation of
credibility and demeanor.  Guzman, 955 S.W.2d at 89.  Where such rulings
do not turn on an evaluation of credibility and demeanor, we review the trial
court=s actions de
novo.  Id.; Davila v. State, 4 S.W.3d 844 (Tex. App.CEastland 1999, no pet.).  

While
the legal issue of probable cause to arrest is reviewed de novo, Dixon v.
State, 206 S.W.3d 613, 616 (Tex. Crim. App. 2006), the determination of
that issue turns on mixed questions of law and fact.  See Myers v.
State, 203 S.W.3d 873, 879 (Tex. App.CEastland
2006, pet. ref=d). 
Probable cause is a Afluid@ rather than a Arigid@ concept and exists where
the totality of the circumstances supports the conclusion that there is a fair
probability that the contraband is at the location to be searched.  Dixon,
206 S.W.3d at 616; see Illinois v. Gates, 462 U.S. 213, 230-38
(1983).

                                                         Proceedings
in Trial Court








In
his affidavit, Abilene Police Department Narcotics Officer Tommy Pope stated
that, Ajust prior to
making@ his
application for the search warrant, he had received information from a credible
confidential informant that appellant was in possession of a controlled
substance at the location; that the confidential informant had observed
appellant during the preceding forty-eight hours at the location with a
rock-like, off-white, substance appellant represented to be crack cocaine; that
the same confidential informant believed this substance was crack cocaine; that
Officer Pope had observed appellant at the location before; and that Officer Pope
believed the location was  occupied and under the control of appellant. 
Officer Pope further stated that he had known this informant for at least four
years, that this informant had supplied him with information that had Aalways proven true and
correct,@ and that
this informant had provided information that led to the arrests of at least
seven drug offenders.  Officer Pope=s
testimony confirmed the information in his affidavit.  The trial court entered
findings of fact and conclusions of law that the information established that
the confidential informant and the information provided were reliable, that the
location was sufficiently described, that there was sufficient information
connecting appellant to the location, that the requirements of Tex. Code Crim. Proc. Ann.  art.
18.01(b), (c) (Vernon Supp. 2007), art. 18.04 (Vernon 2005) had been met, and
that the search warrant was lawfully executed.

                                             Did
the Trial Court Abuse Its Discretion?

The
trial court=s findings
and conclusions are supported by the record.  Appellant=s contention that a per se independent
corroboration by law enforcement of information provided by a reliable
confidential informant is required to establish probable cause has been
rejected by both the United States Supreme Court and the Texas Court of
Criminal Appeals.  Gates, 462 U.S. at 231; Dixon, 206 S.W.3d at
618. The cases cited by appellant are factually distinguishable.  Appellant has
not established that the trial court erred.  The issue is overruled.

                                                             This
Court=s Holding

The
judgment of the trial court is affirmed.

 

PER CURIAM

 

November 15,
2007

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.