Opinion filed August 28, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed August 28,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00126-CR

                                                    __________

 

                                       STATE OF TEXAS, Appellant

 

                                                             V.

 

                               CHRIS
FLETCHER WILSON, Appellee

 



 

                                          On
Appeal from the 91st District Court

 

                                                        Eastland
County, Texas

 

                                                    Trial
Court Cause No. 21503

 



 

                                                                   O
P I N I O N

 

A
grand jury indicted Chris Fletcher Wilson for the offense of possession of
methamphetamine.  Wilson filed a motion to suppress evidence obtained by a
search of his vehicle.  After a hearing, the trial court granted Wilson=s motion to suppress
evidence. The State appeals from that order.  We affirm.

In
its sole issue on appeal, the State argues that the trial court erred when it
granted the motion to suppress.  We disagree.








In
reviewing a trial court=s
ruling on a motion to suppress, appellate courts must give great deference to
the trial court=s
findings of historical facts as long as the record supports the findings.  Torres
v. State, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005); Guzman v. State,
955 S.W.2d 85, 87 (Tex. Crim. App. 1997).  Because the trial court is the
exclusive factfinder, the appellate court reviews evidence adduced at the
suppression hearing in the light most favorable to the trial court=s ruling. Carmouche v.
State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We also give deference
to the trial court=s
rulings on mixed questions of law and fact when those rulings turn on an
evaluation of credibility and demeanor.  Guzman, 955 S.W.2d at 87.  
Where such rulings do not turn on an evaluation of credibility and demeanor, we
review the trial court=s
actions de novo. Id.

At
the hearing on Wilson=s
motion to suppress, Officer Matthew Scurry with the Cisco Police Department
testified that on April 29, 2007, he stopped appellant for speeding on
Interstate 20.  Officer Scurry said that his radar indicated Wilson was driving
his vehicle at 81 miles per hour in a 65 mile-per-hour zone; however, Wilson accelerated
to 90 miles per hour as Officer Scurry followed him.  Officer Scurry followed
Wilson for five miles before making the stop.  Officer Scurry  acknowledged
that he did not activate the light bar on his police car when he began
following Wilson and that Wilson stopped immediately after Officer Scurry
activated the light bar.

Officer
Scurry testified that he approached Wilson and asked for his driver=s license and proof of
insurance.  Wilson told Officer Scurry that he was on parole for a drug
violation.  Wilson gave Officer Scurry his driver=s
license but was unable to locate his proof of insurance.  Officer Scurry
went to his car to run a driver=s
license check on Wilson.  When he did not get a response to his request for a
driver=s license
check, Officer Scurry made a second request to dispatch for a return on Wilson=s driver=s license.  Sometime during
the stop, Wilson located his proof-of-insurance card and voluntarily left his
vehicle to give the card to Officer Scurry.  Officer Scurry instructed Wilson
to remain in a certain spot on the side of the road.  However, Wilson would not
stay in that spot.  Instead, he moved around and was Afidgeting.@  









While
waiting for a return on the driver=s
license check, Officer Scurry approached Wilson again and asked for consent to
search Wilson=s
vehicle.  Officer Scurry testified that Wilson became Atongue-tied@
and started stuttering. Wilson gave reasons for not wanting Officer Scurry to
search the vehicle and denied consent to search.  Officer Scurry had still not
received a criminal history for Wilson at the time he requested consent to
search Wilson=s
vehicle.  Officer Scurry conducted a pat-down search of Wilson and had him
stand in the borrow ditch.  Officer Scurry then conducted a canine search on
Wilson=s vehicle.  On
the second time around Wilson=s
vehicle, the canine alerted on the front door of the vehicle, and illegal drugs
were found in the vehicle.  Thirteen minutes elapsed from the time of the
initial stop until the canine search began. 

A
traffic stop is a detention and must be reasonable under the United States and
Texas Constitutions.  See Davis v. State, 947 S.W.2d 240, 245 (Tex.
Crim. App. 1997); Caraway v. State, 255 S.W.3d 302, 307 (Tex. App.CEastland 2008, no pet.). 
To be reasonable, a traffic stop must be temporary and last no longer than is
necessary to effectuate the purpose of the stop.  Florida v. Royer, 460
U.S. 491, 500 (1983); Davis, 947 S.W.2d at 245.   Reasonableness is
measured in objective terms by examining the totality of the circumstances.  Ohio
v. Robinette, 519 U.S. 33, 39 (1996); Spight v. State, 76 S.W.3d
761, 765 (Tex. App.CHouston
[1st Dist.] 2002, no pet.).

An
officer may check for outstanding warrants and demand identification, a valid
driver=s license, and
proof of insurance from the driver.  Kothe v. State, 152 S.W.3d 54, 63
(Tex. Crim. App. 2004); Davis, 947 S.W.2d at 245 n.6; Caraway,
255 S.W.3d at 308.  While an officer is awaiting a computer warrant check,
questioning about matters unrelated to the initial traffic stop does not
violate the Fourth Amendment because such questioning does not extend the
duration of an initial valid stop. Caraway, 255 S.W.3d at 308.  In some
circumstances, however, extensive questioning about unrelated matters may
exceed the scope of the initial stop.  Id.

When
the reason for the stop has been satisfied, the stop may not be used as a Afishing expedition for
unrelated criminal activity.@ 
Davis, 947 S.W.2d at 243 (quoting  Robinette, 519 U.S. at 41
(Ginsburg, J., concurring)); Caraway, 255 S.W.3d at 308.   Once an
officer concludes the investigation of the conduct that initiated the stop,
continued detention of a person is permitted only if there is reasonable suspicion
to believe another offense has been or is being committed.  Davis, 947
S.W.2d at 245; Caraway, 255 S.W.3d at 308.  After the purpose of a
traffic stop has been accomplished, a police officer may ask for consent to
search a vehicle; however, if consent is refused, the officer may not detain
the occupants or vehicle further unless reasonable suspicion of some criminal
activity exists.  Caraway, 255 S.W.3d at 310-11; Magana v. State,
177 S.W.3d 670, 673 (Tex. App.CHouston
[1st Dist.] 2005, no pet.); Spight, 76 S.W.3d at 767‑68.     








The
record shows that, after the purpose of the traffic stop was accomplished,
Officer Scurry Apatted@ down Wilson and conducted
a canine search of Wilson=s
vehicle.  Wilson did not consent to the search; therefore, reasonable suspicion
of criminal activity was required to conduct the search. 

In
addition to the officer=s
testimony, the trial court also reviewed the recording made on the dash-cam
recorder in the officer=s
vehicle.   The trial court found that Athe
Officer testified that the only reasons he had to prolong the initial detention
was that he felt that [Wilson] exhibited nervousness and that [Wilson] refused
to give the Officer consent to search his vehicle.@  Nervous behavior is a pertinent factor in
determining reasonable suspicion, but nervousness alone is not sufficient to
provide reasonable suspicion.  Green v. State, 256 S.W.3d 456, 462 (Tex.
App.CWaco 2008, no pet.);
LeBlanc v. State, 138 S.W.3d 603, 608 n.6 (Tex. App.CHouston [14th Dist.] 2004,
no pet.).  The trial court further found that Officer Scurry did not testify to
any specific articulable facts providing reasonable suspicion to prolong the
initial detention of Wilson.  Giving due deference to the trial court=s findings and applying the
law to those findings and after reviewing the record including our own review
of the dash-cam recording, we find that it has not been shown  that the trial
court abused its discretion when it granted Wilson=s motion to suppress.  The State=s sole issue on appeal is
overruled.    

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE         

 

August 28, 2009

Publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.