Affirmed and Memorandum Opinion filed June 24, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00995-CR

___________________

 

TAI NGUYEN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On
Appeal from the County Criminal Court at Law No. 12

Harris County,
Texas



Trial Court Cause No. 1559459

 



 

 

MEMORANDUM OPINION

            Appellant Tai Nguyen appeals the trial court’s denial
of his motion to suppress.  In a single issue, appellant asserts that the
affidavit filed in support of the search warrant was not properly sworn and
does not support issuance of the warrant.  We affirm.

            Appellant
refused to submit to a breath test after he was arrested for driving while
intoxicated.  Officer Jose Aguilar, who stopped appellant and administered
field sobriety tests, signed an affidavit in support of a search warrant to
obtain evidentiary samples of appellant’s breath, blood, or urine.  The
affidavit is signed by Officer Aguilar and contains another illegible signature
under the words, “Sworn to and Subscribed before me on this the 2nd of
November, 2008, A.D.”  The second signature appears on a line above the words,
“Notary Public/Peace Officer.”  Appellant’s blood was obtained as a result of
the execution of the search warrant.

            Appellant
filed a motion to suppress the results of the blood test alleging that the
affidavit in support of the warrant was defective because the identity of an
officer was not reflected on the jurat.  In other words, appellant contends
that because the second signature on the affidavit is illegible, the affidavit is
defective.  The trial court held a hearing at which Harris County Assistant
District Attorney Brent Mayr testified.  Mayr, as chief of the Vehicular Crimes
section of the District Attorney’s office, supervises a “No Refusal” program in
which the District Attorney’s office provides assistance for police officers in
obtaining search warrants to take blood
samples from individuals who refuse to submit to a breath test.

            Mayr
testified that in the “No Refusal” program, once the affidavit in support of
the search warrant is prepared and the affiant has read and reviewed the
information to verify that it is true and correct, the affiant will go before
another Houston police officer who is working in his capacity as an officer and
will swear that everything in the affidavit is true and correct.  After the
affiant signs the affidavit, the officer then signs on the blank that reads,
“Notary public/peace officer.”  Mayr testified that he was working the night of
appellant’s arrest and was assisting officers with the search warrant
affidavits connected to the “No Refusal” program.  Mayr recognized that Officer
Paul Lassalle provided the second signature on the affidavit.  Mayr testified
that in the course of working on these “No Refusal” nights, Officer Lassalle is
one of two supervising officers.  On a typical night, they will process
approximately 15 to 20 warrants, and he will witness Officer Lassalle have the officer
swear to the affidavit as being true and correct then sign his name to it.  He
is very familiar with Officer Lassalle’s signature, and has seen it multiple
times.  Mayr further testified that Judge Harmon, who signed the search
warrant, is also familiar with Officer Lassalle’s signature.  

            The
trial court subsequently denied appellant’s motion to suppress the blood test
results.  Appellant entered a guilty plea and the trial court gave permission
to appeal its ruling on the motion.

An appellate court
reviews a trial court’s ruling on a motion to suppress under an abuse-of-discretion
standard.  Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).
The trial court is the sole judge of the weight and credibility of the evidence
at a hearing on a defendant’s motion to suppress evidence.  Wood v. State,
18 S.W.3d 642, 646 (Tex. Crim. App. 2000).  We give almost total deference to
the trial court’s determination of historical facts that depend on credibility
and demeanor, but review de novo the trial court’s application of the law to
the facts if resolution of those ultimate questions does not turn on the
evaluation of credibility and demeanor.  See Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997).  When the trial court does not file any findings
of fact, as in this case, the appellate court will review the evidence in the
light most favorable to the trial court’s ruling.  Toms v. State, 182
S.W.3d 899, 902 (Tex. Crim. App. 2005).

Appellant contends the
affidavit is defective because the identity of the officer cannot be determined
solely from reading the jurat.  A sworn affidavit setting forth substantial
facts establishing probable cause must be filed in every instance in which a
search warrant is requested.  Tex. Code Crim. Proc. Ann. art. 18.01(b) (Vernon Supp.
2009).  The purpose of this oath is to call upon the affiant’s sense of moral
duty to tell the truth and to instill in him a sense of seriousness and
responsibility.  Smith v. State, 207 S.W.3d 787, 790 (Tex. Crim. App.
2006).  Although the affiant’s signature on an affidavit serves as an important
memorialization of the officer’s act of swearing before the magistrate, it is
the act of swearing, not the signature itself, that is essential.  Id.
at 792.

The Court of Criminal
Appeals has held that an affiant’s failure to sign his affidavit is not
necessarily fatal if it can be proved by other means that he did swear to the
facts contained within the affidavit before the magistrate.  Id. at 793. 
This case differs in the fact that the affiant signed the affidavit, but the
jurat indicating before whom the affidavit was sworn is illegible.  However,
the court’s analysis in Smith can be applied in this instance.  It is
the act of swearing, not the signature that is essential.  Further, the act of
swearing can be proved by means other than the signature.  Id.  In this
case, Mayr testified that he recognized the signature of Officer Paul Lassalle,
who was working in the “No Refusal” program the night of appellant’s arrest in
his capacity as a Houston police officer.  Mayr further testified that Judge
Harmon, who signed the search warrant, was also familiar with Officer
Lassalle’s signature and would have recognized it.  Therefore, the illegibility
of the signature in the jurat does not render the affidavit defective.

Appellant further
contends that the State cannot “bolster” the jurat through Mayr’s testimony
because the trial court cannot look beyond the “four corners” of the warrant to
determine its validity.  The Court of Criminal Appeals specifically addressed
this issue in Smith and found, “The four corners rule applies only to
the assessment of probable cause; it does not apply to the issue of whether the
affiant swore to the affidavit’s truthfulness.”  Id. at 794.  Because
appellant does not challenge the assessment of probable cause, the four corners
rule does not apply in this case.

We conclude the
affidavit in support of the search warrant is valid despite the illegibility of
Officer Lassalle’s signature.  Therefore, we overrule appellant’s issue and
affirm the judgment of the trial court.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices
Anderson, Frost, and Seymore.

Do
Not Publish — Tex. R. App. P. 47.2(b).