

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00519-CR

The **STATE** of Texas,
Appellant

v.

Jamie Lynn **NIELSEN**,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 6238
Honorable N. Keith Williams, Judge Presiding

Opinion by:      Sandee Bryan Marion, Chief Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Marialyn Barnard, Justice
                 Patricia O. Alvarez, Justice

Delivered and Filed:  September 5, 2018

AFFIRMED

The State appeals from the trial court's order granting Appellee Jamie Lynn Nielsen's

("Nielsen") motion to suppress evidence obtained after her arrest for driving while intoxicated.

We affirm the trial court's order.

**Background**

On October 28, 2016, Texas Department of Public Safety Trooper Daniel Ruiz was

dispatched to the scene of a two-car accident on U.S. Highway 290 in Gillespie County. Upon

arriving at the scene, Trooper Ruiz observed two vehicles in a ditch on the side of the highway.

Nielsen had been travelling in one of the two vehicles with her identical twin sister but was not in the vehicle at the time Trooper Ruiz arrived.

At the scene, Trooper Ruiz interviewed Nielsen, the driver of the other vehicle, and an independent witness who was not involved in the collision. Nielsen told Trooper Ruiz that she was driving and had hit her head in the collision. Both Nielsen and the independent witness told Trooper Ruiz that Nielsen's vehicle had been traveling toward Fredericksburg (westbound) prior to the collision. The driver of the other vehicle, who sustained a broken arm in the collision, told Trooper Ruiz that both he and Nielsen were travelling eastbound, and the collision occurred because Nielsen attempted to make a U-turn in front of his vehicle. When Trooper Ruiz asked Nielsen whether she had attempted to make a U-turn, she stated: "No. . . . Not that I know of, no. . . . Not intentionally. . . . We were driving straight. To Fredericksburg."

Other officers who arrived on the scene before Trooper Ruiz informed him that Nielsen's sister was obviously intoxicated but that he would have to perform more tests to determine whether Nielsen was intoxicated. Trooper Ruiz asked Nielsen if she had consumed any alcohol, and she stated she had four "very tiny" tastings at the Grape Creek Winery "right before" the collision. Nielsen stated she ate cheese, crackers, and sausage at the same time she had the wine tastings. Trooper Ruiz testified he had never been to the Grape Creek Winery and was unfamiliar with the size of its wine tasting samples. Trooper Ruiz also testified Nielsen did not smell of alcohol, was not stumbling or slurring her speech, and was clear, coherent, and polite throughout the encounter. Trooper Ruiz's incident report did not state that Nielsen had red, watery, bloodshot, or glassy eyes, which are also indicators of intoxication, but he subsequently testified Nielsen's eyes were watery and glassy. Trooper Ruiz testified the only sign that Nielsen was possibly intoxicated was that she seemed confused about her direction of travel prior to the collision.

Nielsen refused a breathalyzer test and refused to perform any field sobriety tests except a horizontal gaze nystagmus ("HGN") test. Trooper Ruiz administered the HGN test and observed four out of the six recognized clues of intoxication. However, Trooper Ruiz testified he started the test on Nielsen's right eye rather than her left eye, as required by the National Highway Traffic Safety Administration training manual. Trooper Ruiz also admitted that if Nielsen had a head injury, it could have an effect on the test. After administering the HGN test, Trooper Ruiz arrested Nielsen for driving while intoxicated.

Nielsen filed a motion to suppress evidence obtained after her arrest on the basis that Trooper Ruiz lacked probable cause for the warrantless arrest. After a hearing, the trial court granted Nielsen's motion and issued findings of fact and conclusions of law. The State appeals.

**Discussion**

In two issues, the State argues: (1) the trial court should have denied Nielsen's motion to suppress because probable cause existed to support Nielsen's arrest for driving while intoxicated, and (2) the trial court erred in finding no evidence other than Nielsen's extrajudicial admission demonstrates she was driving at the time of the collision. Because we conclude there was not probable cause to support Nielsen's arrest, even if she was driving, we need not reach the State's second issue.

**A.      Standard of review**

We review the trial court's ruling on a motion to suppress using a bifurcated standard of review, giving almost total deference to the trial court's findings of historical fact and reviewing de novo the trial court's application of the law. *Furr v. State*, 499 S.W.3d 872, 877 (Tex. Crim. App. 2016). When the trial court makes explicit findings of fact, as it did here, we determine whether the evidence, viewed in the light most favorable to the trial court's ruling, supports those findings. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

**B.      There was not probable cause to arrest Nielsen for driving while intoxicated.**

Generally, an arrest without a valid warrant is unreasonable unless the arrest falls under a recognized exception. *Torres v. State*, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005) (en banc). A police officer may make a warrantless arrest if: (1) there is probable cause to arrest, and (2) a statutory exception grants authority to arrest. *Id.*

In this case, Nielsen only challenged the existence of probable cause. Probable cause exists when the arresting officer has a reasonable belief, based on facts and circumstances within the officer's personal knowledge or about which the officer has reasonably trustworthy information, that an offense has been or is being committed. *Id.* In determining whether probable cause existed to arrest, we consider the "totality of the circumstances." *Id.* at 902.

Trooper Ruiz arrested Nielsen for driving while intoxicated. A person commits the offense of driving while intoxicated if the person "is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a) (West 2011). On appeal, the State argues the totality of the circumstances demonstrated probable cause existed to arrest Nielsen, citing the following facts: (1) Nielsen caused a collision by making a U-turn in front of oncoming traffic, (2) Trooper Ruiz observed four out of the six recognized clues of intoxication on the HGN test, (3) Nielsen admitted she was driving at the time of the collision, (4) Nielsen admitted she consumed alcohol immediately before the collision, and (4) Nielsen refused to perform field sobriety tests other than the HGN test.

In the trial court and in her brief on appeal, Nielsen compares the present case to this court's decision in *State v. Evans*, 500 S.W.3d 528 (Tex. App.—San Antonio 2016, no pet.). In *Evans*, we affirmed the trial court's conclusion that the arresting officer lacked probable cause to arrest the defendant for driving while intoxicated even though the arresting officer observed six of six clues of intoxication on the HGN test. *Id.* at 538–39. We deferred to the trial court's findings that the

arresting officer's testimony was not credible, the arresting officer did not properly administer the HGN test, and the evidence before the trial court demonstrated the defendant "was able to keep his head still and to follow the stimulus with only his eyes" and "was able to perform the test and follow the trooper's instructions." *Id.* at 538. There was no dispute that the defendant in *Evans* was operating a vehicle in public at the time the arresting officer stopped him.

Similarly, here, the trial court expressly found Trooper Ruiz improperly administered the HGN test by starting on Nielsen's right eye and questioned the HGN test's accuracy in light of its finding that Nielsen sustained a head injury in the collision. The trial court also found Trooper Ruiz's testimony and the dash-cam video of the encounter, which the trial court watched, showed Nielsen did not demonstrate signs of intoxication. The trial court made findings that Nielsen: did not smell of alcohol; did not have red, watery, bloodshot, or glassy eyes; did not have slurred speech; was clear, coherent, and polite throughout the encounter; never stumbled; had no trouble retrieving her license from her wallet; and, at the conclusion of the HGN test, did not show any signs of loss of her physical faculties. In addition, the trial court found that Nielsen and an independent witness stated she was travelling westbound at the time of the collision, and the trial court did not find that Nielsen caused the collision or that Nielsen attempted to make a U-turn in front of oncoming traffic.

As in *Evans*, we defer to the trial court's findings of fact and conclude the evidence in the record supports those findings. Accordingly, we conclude the evidence supports the trial court's determination that, considering the totality of the circumstances, Trooper Ruiz did not have probable cause to arrest Nielsen for driving while intoxicated. The State's first issue is overruled.

## Conclusion

Because we overrule the State's first issue on appeal, we affirm the trial court's order granting Nielsen's motion to suppress evidence obtained after her arrest for driving while intoxicated. We need not address the State's second issue on appeal.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH