

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00456-CR

Martin **PENA**, Jr.
Appellant

v.

The **STATE** of Texas,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 8369
Honorable Kirsten Cohoon, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:       Irene Rios, Justice
               Beth Watkins, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: June 7, 2023

AFFIRMED

A jury convicted appellant, Martin Pena, Jr., of possession of a controlled substance. After a finding of true to the enhancement, the jury assessed punishment at twenty-five years' confinement. In a single issue on appeal, Pena asserts the trial court erred by denying his motion to suppress. We affirm.

**BACKGROUND**

Pena was indicted for possession of a controlled substance. Pena contends there was no evidence to support a finding of probable cause to stop his vehicle or to search his vehicle. The motion to suppress was heard on May 23, 2022.

Officer Brandon Goudreau, the only witness called at the suppression hearing, testified about his stop and search of Pena's vehicle. On April 7, 2021, Goudreau was on patrol conducting traffic enforcement when he saw a 2001 blue Dodge Durango pass him. Goudreau noticed the vehicle had a defective third brake light, which did not activate when the driver (Pena) applied his brakes, and a defective license plate light. Goudreau said that when he pulled behind the vehicle, he initially could not read the license plate. "It appeared distorted even with [his] lights on." When he turned his lights off, he "could obviously tell that the light was not working properly." He tried to get within fifty feet of the vehicle to determine if he could read the plate, but he could not do so without his lights on.

Goudreau activated his emergency lights, conducted a traffic stop, and began speaking with Pena. While speaking with Pena, Goudreau "detect[ed] an odor of marijuana coming from the vehicle and [he] could see a green flakey substance in the cup holder," which he believed to be marijuana residue. He thought the odor of marijuana may have come from the residue. Goudreau did not weigh the residue, but he opined it may have weighed about .01 grams. Goudreau asked Pena to get out of the vehicle. Goudreau also requested backup from another patrol unit because he intended to conduct a search of the vehicle. Goudreau said that, at this point in time, Pena admitted he had marijuana. When Goudreau searched the vehicle, he found marijuana inside a black container or thermos inside the center console near where he saw the residue. The marijuana weighed approximately .45 ounces in the plastic bag. On cross-examination, Goudreau admitted he did not document in his report the green leafy residue because Pena admitted "there was, in

fact, marijuana in the vehicle, and [he] could also smell the marijuana emanating from the vehicle." Goudreau wrote his report within about an hour of the stop.

Following the hearing, the trial court denied Pena's motion to suppress.

## STANDARD OF REVIEW

The Fourth Amendment of the United States Constitution and Article I, section 9 of the Texas Constitution protect against unreasonable searches and seizures by government officials. *See Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007); *Holder v. State*, 595 S.W.3d 691, 697 (Tex. Crim. App. 2020). Evidence that is seized by police in violation of the Fourth Amendment is subject to the exclusionary rule codified in the Texas Code of Criminal Procedure, article 38.23(a). TEX. CODE CRIM. PROC. art. 38.23(a).[1] When, as here, a search has taken place without a warrant, the State bears the burden of establishing that the search and seizure were reasonable under the totality of the circumstances. *Amador v. State*, 221 S.W.3d 666, 672-73 (Tex. Crim. App. 2007); *see also Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005).

In reviewing a trial court's ruling on a motion to suppress evidence, a reviewing court uses a bifurcated standard. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010); *Amador*, 221 S.W.3d at 673. First, almost total deference is given to the trial court's factual determinations. *Valtierra*, 310 S.W.3d at 447. The trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Id.* The court is entitled to believe or disbelieve all or part of the witness's testimony—even if that testimony is uncontroverted—because it has the opportunity to observe the witness's demeanor and appearance. *Id.*

---

[1] "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." TEX. CODE CRIM. PROC. art. 38.23(a).

Second, we review de novo the application of law to the facts, and we will affirm a ruling that is "reasonably supported by the record and is correct on any theory of law applicable to the case." *Id.* at 447-48. Finally, in the absence of express findings of fact, as here, a reviewing court "must view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record." *Id.* at 447 (citation and internal quotation marks omitted).

## THE STOP OF THE VEHICLE

A police officer may lawfully initiate a traffic stop without a warrant if he has specific articulable facts that, when combined with rational inferences from those facts, would give the officer a reasonable suspicion that the individual has engaged in criminal activity, or may soon be so engaged in such activity. *See Terry v. Ohio*, 392 U.S. 1, 21-22 (1968); *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). "This standard is an objective one: there need only be an objective basis for the stop; the subjective intent of the officer conducting the stop is irrelevant." *Garcia*, 43 S.W.3d at 530. The reasonable suspicion determination is made by considering the totality of the circumstances. *Id.* Therefore, if an officer has a reasonable suspicion that a person has committed a traffic violation, the officer may conduct a traffic stop. *See Garcia v. State*, 827 S.W.2d 937, 944-45 (Tex. Crim. App. 1992) ("In the instant case the record shows, and the trial court found, that appellee committed a stop sign violation. Therefore, the police officers' stop and detention of appellee for a traffic violation was reasonable under Fourth Amendment principles, notwithstanding their illicit motives, if any, for doing so.").

The Texas Transportation Code requires the operator of a motor vehicle to have a taillamp or separate lamp that illuminates the rear license plate. Section 547.322(f) of the Transportation Code provides:

> A taillamp or a separate lamp shall be constructed and mounted to emit a white light that:
> (1) illuminates the rear license plate; and
> (2) makes the plate clearly legible at a distance of 50 feet from the rear.

TEX. TRANSP. CODE § 547.322(f). The Transportation Code also requires stop lamps to activate when the brakes are applied. *See id.* § 547.323(d).

Goudreau testified he initiated the traffic stop because the vehicle had a defective third brake light and license plate light. Pena does not dispute the lights were defective. The trial court could have believed Goudreau's testimony. *See Valtierra*, 310 S.W.3d at 447 (trial court may believe or disbelieve all or part of witness's testimony because it has the opportunity to observe the witness's demeanor and appearance). Considering the totality of the circumstances, we conclude Goudreau had reasonable suspicion to stop Pena's vehicle.

### THE SEARCH OF THE VEHICLE

Under the Fourth Amendment, all searches conducted without a warrant are per se unreasonable unless an exception to the warrant requirement applies. *Marcopoulos v. State*, 538 S.W.3d 596, 599 (Tex. Crim. App. 2017); *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003). One exception to the warrant requirement is the automobile exception. *Marcopoulos*, 538 S.W.3d at 600. The automobile exception allows police officers to conduct a warrantless search of an automobile if the vehicle is readily mobile and the officer has probable cause to believe that the vehicle contains contraband. *Id.*; *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009).

Probable cause to support a warrantless search of an automobile exists when "the facts and circumstances known to law enforcement officers are 'sufficient in themselves to warrant a [person] of reasonable caution in the belief that an offense has been or is being committed.'" *Marcopoulos*, 538 S.W.3d at 599-600 (citation omitted). Probable cause exists when there is "a 'fair probability' of finding inculpatory evidence at the location being searched." *Id.* at 600

(citation omitted). When analyzing the probability of finding inculpatory evidence, a reviewing court should consider "the factual and practical considerations of everyday life on which reasonable and prudent [people], not legal technicians, act." *Id.* (citation omitted). Additionally, we must consider the "totality of the circumstances known to the officer." *Id.* (citation omitted).

Goudreau testified he smelled the odor of marijuana and saw what he described as a green leafy substance that he believed was marijuana residue. *See Stringer v. State*, 605 S.W.3d 693, 697 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (strong odor of marijuana from a small, enclosed area, like a car, gives a peace officer probable cause to make a warrantless search of both the car and its occupants; because marijuana possession is a crime, its odor may evidence criminal activity). We conclude that based on the odor of marijuana and the green leafy substance that appeared to be marijuana residue Goudreau had probable cause to perform an interior search of Pena's vehicle.

### CONCLUSION

We conclude the trial court did not err by denying Pena's motion to suppress. Therefore, we overrule Pena's issue on appeal and affirm the trial court's judgment.

Lori I. Valenzuela, Justice

Do not publish