IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00411-CR

 

Eric James Dixon,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the County Court at Law No.
1

McLennan County, Texas

Trial Court No. 2006-0313-CR1

 



MEMORANDUM  Opinion



 








            After taking his then-girlfriend LaTrinda Moore to work at the
McLennan Community College (MCC) cafeteria in the morning, Eric Dixon lingered
while Moore looked at a friend’s photographs.  Dixon, upon overhearing Moore say that a male in a photograph was “nice-looking,” angrily intervened and asked Moore if she had said what he thought he had heard.  She denied it, but her friend
volunteered that Moore had indeed said the male was nice-looking.  Dixon then grabbed Moore by the arm and, with an “irrational voice,” took her outside,
despite her protestation that she could not leave work.  Once outside, Dixon told her to get in his car, and again she protested that she could not leave work,
but he pushed her into his car.  Several of Moore’s co-workers saw those events
unfold and notified police because they believed she had been kidnapped.

            Dixon drove Moore to a nearby lake and
told her that if she ever lied to him again, that is where “they” would find
her floating body.  As a jogger ran by, Dixon told Moore that the jogger saved
her life.  Moore thought that Dixon was trying to scare her, and she was
shocked and crying; he had never talked to her that way.  When Moore returned to work, MCC police were there and her mother was calling to check on her.

            After receiving a dispatch about an
alleged disturbance at the cafeteria, MCC police officer Gonzales arrived there
around 9:00 a.m. and took statements from Moore and some other employees who
had witnessed the events.  Gonzales did not seek an arrest warrant at that time
because follow-up was needed.  Officer Scaramucci found Dixon back on the MCC
campus around 1:30 p.m. and, after giving him Miranda warnings,
questioned him about what had happened that morning.  Dixon said he had taken Moore by the arm out of the building, got her in his car, and took her down by the river. 
Scaramucci then received a call from Officer Frost, who told Scaramucci to
arrest Dixon for terroristic threat.  Frost said that he decided on a
warrantless arrest based on the statements of Moore and two witnesses.

            Scaramucci handcuffed Dixon and asked
for and obtained consent to search Dixon’s car.  In the search, Scaramucci
found a “blunt”—a marihuana cigar—in the glove box.  Dixon was charged with
possession of marihuana (less than two grams).  He filed a motion to suppress,
which the trial court denied at the end of a bench trial.  The trial court
found Dixon guilty and sentenced him to 120 days in jail.  Dixon appeals the
denial of the suppression motion.

            In his sole issue, Dixon asserts that
the trial court erred in denying his motion to suppress.  Within his brief, Dixon makes three arguments:  (1) no probable cause existed to arrest Dixon; (2) the
warrantless arrest was prohibited; and (3) the consent to search was not freely
and voluntarily given because it was tainted by the illegal arrest.  We address
the first two arguments together.

            We review a trial court’s ruling on a
motion to suppress under a bifurcated standard of review.  Carmouche v.
State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  A trial court’s denial of a motion
to suppress is reviewed for abuse of discretion.  Oles v. State, 993
S.W.2d 103, 106 (Tex. Crim. App. 1999).  The trial court’s findings of fact are
given “almost total deference,” and in the absence of explicit findings, the
appellate court assumes the trial court made whatever appropriate implicit
findings that are supported by the record.  Carmouche, 10 S.W.3d at
327-28; Guzman, 955 S.W.2d at 89-90.  But when the trial court's rulings
do not turn on the credibility and demeanor of the witnesses, we review de novo
a trial court's rulings on mixed questions of law and fact.  Estrada v.
State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).  Therefore, although due
weight should be given to the inferences drawn by trial judges and law
enforcement officers, determinations of matters such as reasonable suspicion
and probable cause are reviewed de novo on appeal.  Guzman, 955 S.W.2d
at 87.

            Dixon first argues that the alleged
threat was conditional, and as such, no reasonable law enforcement officer
could have determined that he had probable cause to arrest Dixon, including making
a warrantless arrest.  Texas law requires a warrant for an arrest unless a
statutory exception applies.  Anderson v. State, 932 S.W.2d 502,
506 (Tex. Crim. App. 1996); see Tex.
Code Crim. Proc. Ann. arts. 14.01-.06 (Vernon 2005).  In argument before
the trial court, the State asserted that probable cause existed for a
warrantless arrest for family violence, as Dixon and Moore had lived together. 
See Tex. Fam. Code Ann. §
71.006 (Vernon 2001).  Article 14.03(a)(4) authorizes a warrantless arrest if
the officer has probable cause to believe that an offense involving family
violence has occurred.  Tex. Code Crim.
Proc. Ann. art. 14.03(a)(4).  Family violence includes a threat that
reasonably places a member in fear of imminent physical harm, bodily injury, or
assault.  Tex. Fam. Code Ann. §
71.004(1) (Vernon 2001).  The offense of terroristic threat is committed if the
actor threatens to commit an offense involving violence to a person with the
intent to place the person in fear of imminent serious bodily injury, and it is
a Class A misdemeanor if the offense is committed against a member of the person’s
household or otherwise constitutes family violence.  Tex. Pen. Code Ann. § 22.07(a)(2), (c)(1) (Vernon 2005).

The test for probable cause for a warrantless
arrest is whether, at that moment, the facts and circumstances within the
officer’s knowledge and of which the officer had reasonably trustworthy
information were sufficient to warrant a prudent man in believing that the
person had committed an offense.  Torres v. State, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005); State v. Crisp, 74 S.W.3d 474, 483 (Tex. App.—Waco 2002, no
pet.).

The trial court made no findings; it could have
implicitly found that Dixon’s intent was to place Moore in fear of imminent
serious bodily injury.  By adding that the jogger had saved Moore’s life, Dixon’s threat was not purely conditional because it suggested immediate consequences
sufficient to create fear of imminent serious bodily injury.  See Devine v.
State, 786 S.W.2d 268, 270-71 (Tex. Crim. App. 1989).  The arresting
officers could have reasonably believed that it was more likely than not Dixon’s intent to communicate to Moore that had the jogger not been there, he would have
killed her for lying to him.  We agree with the State that under the
circumstances of this case, Officers Frost and Scaramucci had probable cause to
arrest Dixon without a warrant.  The officers had reasonably trustworthy
information from their investigation that Dixon had made a terroristic threat
involving family violence.

            Having found the warrantless arrest to
be legal, we need not address Dixon’s third argument, which is that consent
following an illegal arrest requires that consent was freely and voluntarily
given and was not tainted by the illegal police conduct.  See Brick v.
State, 738 S.W.2d 676, 677 (Tex. Crim. App. 1987).




            We overrule Dixon’s sole issue and affirm
the trial court’s judgment.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed April 9, 2008

Do
not publish

[CR25]