Opinion issued April 24, 2008 
     










In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00350-CR




RUBEN LUJANO, Appellant

V.

THE STATE OF TEXAS, Appellee





On Appeal from County Criminal Court at Law No. 15
Harris County, Texas
Trial Court Cause No. 1444072



 
MEMORANDUM OPINION
          After a plea of nolo contendere, the trial court found appellant, Ruben Lujano,
guilty of possession of marihuana and assessed punishment at confinement for 50
days in county jail. See Tex. Health & Safety Code Ann. § 481.121(a) (Vernon
2003). We determine whether the trial court erred in overruling appellant’s motion
to suppress the evidence that he contends was obtained over his objection to the
warrantless search of his bedroom. We affirm.
Facts
          Deputy Price


 responded to a family disturbance call at the house that appellant
shared with his mother. Upon Price’s arrival, appellant’s mother explained that she
had just had a heated argument with appellant, that he was under the influence of
marihuana, and that he was belligerent, aggressive, and locked in his bedroom. 
Appellant’s mother could hear no movement in the bedroom and was worried about
his welfare. Price entered the house with consent from appellant’s mother and
knocked on the bedroom door, but did not get a response. Concerned for appellant’s
safety, Price tried to open the bedroom door, but discovered that it was locked. 
Appellant’s mother then opened the door with a tool from the kitchen counter.
          Price entered the bedroom, where appellant was lying on his bed awake. Price
immediately smelled a strong odor of marihuana. Price asked appellant what was
going on, but appellant did not respond. Price then removed the blanket covering
appellant and performed a pat-down search for everyone’s safety. Appellant had
difficulty standing and required help to do so. He did not, however, refuse to comply. 
During the pat-down search, Price felt a bulge in appellant’s left, front pocket and,
based on experience, believed the bulge was marihuana. Price removed the object
creating the bulge and discovered a cellophane bag containing a green, leafy
substance, which he knew to be marihuana. Appellant never asked Price to leave or
otherwise protested the confrontation. It was apparent that appellant was under the
influence of marihuana.
          Price testified that he believed that his entry into appellant’s bedroom was
justified because he received consent from appellant’s mother, he was responding to
a family disturbance, and he was concerned for appellant’s safety. Furthermore, at
the time of Price’s entry, appellant did not object to the consent given by his mother,
nor did he otherwise object to Price’s entry into the bedroom. Price considered the
circumstances exigent based on the need to check appellant’s physical welfare.
Discussion
A.      Standard of Review
          The trial court is the sole trier of fact at a suppression hearing and thus
evaluates the witnesses’ testimony and credibility. Torres v. State, 182 S.W.3d 899,
902 (Tex. Crim. App. 2005). The denial of a motion to suppress is reviewed for
abuse of discretion, and we give great deference to the trial court’s determination of
historical facts while reviewing de novo the trial court’s application of the law to
those facts. Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). We look
at the “totality of the circumstances” in determining whether probable cause existed. 
Torres, 182 S.W.3d at 902.
B.      Applicable Law
          The Fourth Amendment to the United States Constitution and Article I, Section
9 of the Texas Constitution guarantee the right to be secure against unreasonable
searches.


 U.S. Const. amend. IV; Tex. Const. art. I, § 9. In addition, article 38.23
of the Texas Code of Criminal Procedure forbids any evidence obtained in violation
thereof to be admitted against an accused. Tex. Code Crim. Proc. Ann. art. 38.23(a)
(Vernon 2005). To suppress evidence because of an unreasonable search, the
defendant bears the initial burden of producing evidence that rebuts the presumption
of proper police conduct. Ford v. State, 158 S.W.3d 488, 492 (Tex. Crim. App.
2005). A defendant satisfies this burden by establishing that a search or seizure
occurred without a warrant. Id. Once the defendant has made this showing, the
burden of proof shifts to the State, which is then required to establish that the search
or seizure was conducted pursuant to a warrant or was otherwise reasonable. Id.
          A peace officer may arrest an individual without a warrant only if probable
cause exists with respect to the individual in question and the arrest falls within a few
specifically established and well-delineated exceptions. Kelly v. State, 669 S.W.2d
720, 725 (Tex. Crim. App. 1984) (citing Katz v. United States, 389 U.S. 347, 356, 88
S. Ct. 507, 514 (1967)). One such exception is the emergency doctrine. Under the
emergency doctrine, police officers are not barred from making warrantless entries
and searches when they reasonably believe that a person within is in need of
immediate aid. Mincey v. Arizona, 437 U.S. 385, 392, 98 S. Ct. 2408, 2412 (1978);
Rauscher v. State, 129 S.W.3d 714, 719 (Tex. App.—Houston [1st Dist.] 2004, pet.
ref’d). The emergency doctrine applies when the police are acting in their limited
community caretaking role to “protect or preserve life or avoid serious injury,” not
in their “crime-fighting” role. Laney v. State, 117 S.W.3d 854, 861 (Tex. Crim. App.
2003). If the emergency doctrine applies, the police may seize any evidence that is
in plain view during the course of their legitimate emergency activities. Laney, 117
S.W.3d at 862; Rauscher, 129 S.W.3d at 719.
          In order to justify the search of a residence under the emergency doctrine, the
State must show (1) that the officers had probable cause to search the residence


 and
(2) that obtaining a search warrant was impracticable because the officers reasonably
believed that there was an immediate need to act in order to protect or to preserve life
or to prevent serious bodily injury. Brimage v. State, 918 S.W.2d 466, 482 (Tex.
Crim. App. 1994); Bray v. State, 597 S.W.2d 763, 765 (Tex. Crim. App. 1980). The
State is not required to prove that an actual emergency existed at the time of the
officer’s warrantless entry. Id. Rather, the State need only show that the facts and
circumstances surrounding the entry and search were such that the officers reasonably
believed an emergency existed that made obtaining a search warrant impracticable.
Id.
C.Application of the Law to the Facts
          In one issue, appellant contends that his mother’s consent to enter his bedroom
was insufficient to overcome the lack of a warrant. At the hearing, the State argued
both that appellant’s mother’s consent was sufficient and that Price’s entry was legal
pursuant to the emergency doctrine. We will sustain the trial court’s decision on the
motion to suppress if it is correct on any theory of law applicable to the case. See
State v. Ross, 32 S.W.3d 853, 855–56 (Tex. Crim. App. 2000).
          The emergency doctrine has been formulated to allow warrantless searches
when there is reasonable cause to believe that, absent an immediate search, serious
bodily harm or death may result. White v. State, 201 S.W.3d 233, 240 (Tex.
App.—Fort Worth 2006, pet. ref’d) (citing Brimage, 918 S.W.2d at 500–01 and
Georgia v. Randolph, 547 U.S. 103, 118, 126 S. Ct. 1515, 1525 (2006) (noting that
“no question has been raised, or reasonably could be, about the authority of the police
to enter a dwelling to protect a resident from domestic violence; so long as they have
good reason to believe such a threat exists, it would be silly to suggest that the police
would commit a tort by entering . . . to determine whether violence (or threat of
violence) has just occurred or is about to (or soon will) occur.”)). 
          Courts should carefully apply the objective standard of reasonableness when
determining whether an officer’s warrantless entry and search is justified. Id. This
objective standard looks at the police officer’s conduct and “takes into account the
facts and circumstances known to the police at the time of the search.” Id. (citing
Colburn v. State, 966 S.W.2d 511, 519 (Tex. Crim. App. 1998), Brimage, 918 S.W.2d
at 501, and Janicek v. State, 634 S.W.2d 687, 691 (Tex. Crim. App. 1982)).
          The motivation for an entry pursuant to the emergency doctrine must be
“totally divorced from the detection, investigation, or acquisition of evidence relating
to the violation of a criminal statute.” Id. The scope of the search must also be
strictly circumscribed by the emergency that justified its initiation. Id. at 241(citing 
Mincey, 437 U.S. at 390, 98 S. Ct. at 2412 (1978) and Laney, 117 S.W.3d at 862).
          At the time of the search, Price was responding to a family disturbance. 
Appellant’s mother was nervous; she indicated that appellant was under the influence
of drugs and that she was concerned for appellant’s safety as well as her own. 
Appellant’s mother had more intimate knowledge of appellant’s mental state, and
Price could have reasonably believed that the concern was genuine and the likelihood
of injury was founded. See Janicek v. State, 634 S.W.2d 687, 691 (Tex. Crim. App.
1982). Appellant was silent, and Price was concerned that appellant needed medical
attention. Price testified that these were “[e]xigent circumstances, we wanted to go
in that room and see if he was okay.” Thus, according to the facts and circumstances
known to Price at the time he entered appellant’s bedroom, we hold that the trial court
did not err if it concluded that Price had an objectively reasonable belief that, absent
an immediate search, serious bodily harm or death could result.


 See White, 201
S.W.3d at 243.
 
          The trial court may have reasonably concluded that Deputy Price’s entry into
appellant’s bedroom was justified under the emergency doctrine. Thus, we need not
address appellant’s co-tenancy argument that his mother’s consent was insufficient
to allow the entry under Georgia v. Randolph. Looking at the officers’ conduct and
taking into account the facts and circumstances known to the officers at the time of
the entry, we cannot conclude that the trial court abused its discretion in denying
appellant’s motion to suppress.


 
 
 
Conclusion
          We affirm the judgment of the trial court. 
 
 
Tim Taft
Justice

Panel consists of Justices Taft, Keyes, and Alcala.
 
Do not publish. Tex. R. App. P. 47.2(b).