COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-345-CR

 

 

MELISSA MARIE ROGERS                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

       FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Melissa Marie
Rogers appeals her conviction for driving while intoxicated.  In a single point of error, she claims that
the trial court erred in denying her motion to suppress.  We affirm.








Around 2:30 in the morning on
March 4, 2006, Arlington Police Sergeant Kelly Velder was on patrol.  As he approached the intersection of South
Cooper and Green Oaks in Arlington, he heard a car horn blowing repeatedly for
up to fifteen seconds at a time.  From
the left turn lane, he looked over his right shoulder and saw that the noise
was coming from a Grand Prix as it came up behind a Chevy Tahoe stopped at the
intersection.  Appellant, the driver of
the Grand Prix, was leaning forward on the steering wheel, screaming,
gesticulating wildly, and laying on the horn. 
When the light changed, Sergeant Velder initiated a traffic stop, and
after determining that appellant was intoxicated, arrested her for DWI. 

At trial, appellant moved to
suppress all evidence obtained after the stop. 
After a hearing, the motion was denied, and appellant negotiated a plea
of no contest.  The trial court accepted
the plea bargain and ordered appellant to pay a $750 fine and spend thirty-five
days in jail.  

On appeal, appellant claims
that the trial court should have granted her motion to suppress because the
stop violated her state and federal constitutional rights. 








We review a trial court=s ruling on a motion to suppress under a bifurcated standard of
review, giving almost total deference to the trial court=s rulings on (1) questions of historical fact, and (2) application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.[2]  When application-of-law-to-fact questions do
not turn on credibility and demeanor, we review the trial court=s rulings on those questions de novo.[3]


 We must uphold the trial court=s ruling if it is supported by the record and correct under any theory
of law applicable to the case even if the trial court gave the wrong reason for
its ruling.[4]









The Fourth Amendment protects
against unreasonable searches and seizures by government officials.[5]  A defendant seeking to prevail on a motion to
suppress evidence because of an alleged Fourth Amendment violation bears the
initial burden of producing evidence rebutting the presumption of proper police
conduct.[6]  A defendant satisfies this burden by
establishing that a search or seizure occurred without a warrant.[7]  Once the defendant has made this showing, the
burden shifts to the State, which then must establish that the search or
seizure was reasonable.[8]

Appellant claims that the
stop could not be justified under Sergeant Velder=s community care-taking responsibility.  But community care-taking is not the sole
justification for which an officer may initiate a traffic stop.  A temporary investigative detention may be
proper under the Fourth Amendment if a person is reasonably suspected of
criminal activity.[9]  An officer has reasonable suspicion when,
based on the totality of the circumstances, he can articulate specific facts
that, combined with rational inferences from those facts, would  lead an officer to reasonably conclude that a
particular person is, has been, or soon will be engaged in criminal activity.[10]  This is an objective standard that disregards
any subjective intent of the officer making the stop and looks solely to
whether an objective basis for the stop exists.[11]









In this case, Sergeant Velder
articulated specific facts that, combined with rational inferences from those
facts, would lead a reasonable officer to conclude that appellant was
committing a traffic offense or disorderly conduct.  Section 547.501(c) of the Texas
Transportation Code provides that A[a] motor vehicle operator shall use a horn to provide audible warning
only when necessary to insure safe operation.@[12]  Further, a person commits
disorderly conduct if he intentionally or knowingly makes unreasonable noise in
a public place other than a shooting range.[13]  Sergeant Velder testified that appellant was
honking her horn repeatedly for up to fifteen seconds at a time at 2:30 in the
morning and that she was visibly angry, leaning forward on the steering wheel,
screaming, gesticulating wildly, and laying on the horn.  Based on this observation, it was reasonable
to conclude that appellant=s conduct was disorderly and that she was using her horn not to insure
safe operation but solely to express anger. 
Therefore, the trial court did not abuse its discretion by finding that
the officer had reasonable suspicion to stop appellant for a traffic offense or
disorderly conduct. 








We hold that a temporary
investigative detention was reasonable under the circumstances and, therefore,
did not offend appellant=s
constitutional rights.  Accordingly, we
overrule appellant=s sole point
of error and affirm the  trial court=s ruling.

PER CURIAM

 

PANEL:  CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

 

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 14, 2008                                     











[1]See Tex. R. App. P. 47.4.





[2]Amador
v. State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); Montanez
v. State, 195 S.W.3d 101, 108B09 (Tex. Crim. App. 2006); Johnson
v. State, 68 S.W.3d 644, 652B53 (Tex. Crim. App. 2002); Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).





[3]Amador, 221
S.W.3d at 673; Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim. App.
2005); Johnson, 68 S.W.3d at 652B53.





[4]State
v. Stevens, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); Armendariz
v. State, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied,
541 U.S. 974 (2004).





[5]U.S. Const. amend. IV; Wiede v. State,
214 S.W.3d 17, 24 (Tex. Crim. App. 2007). 






[6]Amador, 221
S.W.3d at 672.  





[7]Id.





[8]Id. at
672B73; Torres
v. State, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); Ford v. State,
158 S.W.3d 488, 492 (Tex. Crim. App. 2005). 





[9]Terry v. Ohio, 392 U.S. 1, 21B22, 88 S. Ct. 1868, 1880 (1968); Carmouche
v. State, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000).  





[10]Ford, 158 S.W.3d at 492B93.





[11]Id. at 492.





[12]TEX. TRANSP. CODE ANN. ' 547.501(c)
(Vernon 1999).  Performing a prohibited
act or failing to perform a required act is an offense under the transportation
code.  See id. ' 542.301(a).





[13]TEX. PENAL CODE ANN. ' 42.01(a)(5)
(Vernon Supp. 2008).  Streets and
highways are public places.  Id. _ 1.07(a)(40).