Opinion filed July 23, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed July 23,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                      Nos. 11-07-00372-CR & 11-07-00373-CR

                                                    __________

 

                      ANDREW CRAWFORD COLLIER, JR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 350th District Court

 

                                                          Taylor
County, Texas

 

                                          Trial
Court Cause Nos. 8298D & 7540D

 



 

                                             M E M O R A
N D U M   O P I N I O N

 








In
Cause No. 11-07-00372-CR, the trial court convicted Andrew Crawford Collier,
Jr.,[1]
upon his plea of guilty, of possession of cocaine with intent to deliver.  The
trial court assessed his punishment at ten years confinement.  In Cause No.
11-07-00373-CR, the trial court convicted appellant, upon his plea of guilty,
of possession of cocaine.  The trial court placed appellant on community
supervision for four years.  The State filed a motion to revoke appellant=s community supervision
alleging numerous violations of  the terms and conditions of his community
supervision including: committing the offense of possession with intent to
deliver a controlled substance, using alcohol, and using marihuana.  Appellant
pleaded true to those three allegations, and the trial court revoked appellant=s  community supervision
and assessed punishment at four years confinement.  We affirm.

In
his sole issue on appeal, appellant argues that the trial court erred in
denying his motion to suppress.  A trial court=s
denial of a motion to suppress is reviewed for an abuse of discretion.  Balentine
v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002); Caraway v. State,
255 S.W.3d 302, 307 (Tex. App.CEastland
2008, no pet.).  In reviewing a trial court=s
ruling on a motion to suppress, an appellate court must view the evidence in
the light most favorable to the trial court=s
ruling.  State v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App.
2006).  We must give great deference to the trial court=s findings of historical facts as long as the
record supports the findings.  Torres v. State, 182 S.W.3d 899, 902
(Tex. Crim. App. 2005); Guzman v. State, 955 S.W.2d 85, 89  (Tex. Crim.
App. 1997).  We also give deference to the trial court=s rulings on mixed questions of law and fact
when those rulings turn on an evaluation of credibility and demeanor.  Guzman,
955 S.W.2d at 89.   Where such rulings do not turn on an evaluation of
credibility and demeanor, we review the trial court=s actions de novo.  Id.

Officer
Chad Jenkins, a special operations agent for the Abilene Police Department,
testified that he received information from a confidential informant that a
black male driving a tan, mid- 1980s model Cadillac was selling crack cocaine
in the 1400 block of Mesquite.  The informant also gave Officer Jenkins the man=s approximate age, height,
and weight.  On January 29, 2007, the confidential informant contacted Officer
Jenkins with additional information that the same black male was seated in the
Cadillac in the 1400 block of Mesquite and was wearing a baseball cap, tan
jacket, and blue jeans.  The informant stated that the black male was in
possession of crack cocaine that was inside a black plastic trash bag.  Officer
Jenkins went directly to the location and saw a black male  wearing clothing
that matched the description.  He was sitting in a vehicle that matched the
information.  Appellant=s
physical description also matched that given by the informant.








Officer
Jenkins testified that he and Agent Steve Rogers passed by the vehicle and
noted a license plate number.  Officer Jenkins planned to return to the station
and obtain a search warrant. However, when Officer Jenkins drove by the
location a second time, he saw the black male leaving the residence of a known
drug dealer.  Officer Jenkins and Agent Rogers decided to make contact with the
individual when he entered the public roadway.  Appellant identified himself to
the officers after they went up to him.  The officers told appellant they had
reason to believe he was in possession of cocaine and requested consent to
search appellant.  Appellant denied consent to search.  Officer Jenkins then
informed appellant that he had probable cause to believe appellant was in
possession of cocaine and that he was going to conduct a search.  Appellant
then yelled to the people inside of the residence.  The officers thought
appellant might run away, and they grabbed him by his clothing.  Officer
Jenkins reached into appellant=s
pocket and found a black plastic trash bag containing crack cocaine.  Officer
Jenkins arrested appellant and advised him of his rights.  Upon a further
search of appellant, Officer Jenkins found $632.  Appellant denied consent to
search his vehicle.  Officer Jenkins called for assistance in securing the
vehicle while he left the scene to obtain a search warrant for appellant=s vehicle.

Appellant
specifically argues that the trial court erred in denying his motion to
suppress because he was searched pursuant to an unlawful arrest.  However,
Officer Jenkins testified that  he found the drugs in appellant=s pocket prior to placing
appellant under arrest.  The drugs were not found as a result of a search
incident to arrest.  

Circumstances
short of probable cause may justify a temporary detention for the purpose of
investigation.  Garza v. State, 771 S.W.2d 549, 558 (Tex. Crim. App.
1989); Myers v. State, 203 S.W.3d 873, 882-83 (Tex. App.CEastland 2006, pet. ref=d).  A temporary detention
is justified when the detaining officer has specific articulable facts that,
taken together with rational inferences from those facts, lead him to conclude
that the person detained is, has been, or soon will be engaged in criminal
activity.  Myers, 203 S.W.3d at 882-83.  The articulable facts used by the
officer must create some reasonable suspicion that some activity out of the
ordinary is occurring or has occurred, some suggestion to connect the detainee
with the unusual activity, and some indication that the unusual activity is
related to crime.  Garza, 771 S.W.2d at 558.  








Officer
Jenkins received specific information that appellant was in possession of
drugs.  Officer Jenkins received a detailed description of appellant and his
location.  Officer Jenkins verified the information he received and then saw
appellant leaving a house where Officer Jenkins knew drugs were sold.   Officer
Jenkins had reasonable suspicion to detain appellant.  After detaining
appellant, the officers physically restrained appellant when it appeared as
though he might attempt to run away.  While restraining appellant, Officer
Jenkins reached into appellant=s
pocket and found crack cocaine.  We must now determine whether Officer Jenkins
had probable cause to search appellant.

Probable
cause to search exists when the totality of the circumstances allows a
conclusion that there is a fair probability of finding contraband or evidence
at a particular location.  Dixon v. State, 206 S.W.3d 613, 616 (Tex.
Crim. App. 2006).  Probable cause is a fluid concept that turns on the
assessment of probabilities in particular factual contexts.  Id.  In Illinois
v. Gates, 462 U.S. 213 (1983), the Supreme Court developed the
totality-of-the-circumstances test to replace the Atwo-pronged test@
of Aguilar v. Texas, 378 U.S. 108 (1964).  Dixon, 206 S.W.3d at
616.  Under the Gates test, the Averacity@ and Abasis of knowledge@ prongs of Aguilar
for assessing the usefulness of an informant=s
tips are not independent. Id. They are relevant considerations in the
totality‑of‑the‑circumstances analysis that traditionally has
guided probable‑cause determinations, and a deficiency in one may be
compensated for by a strong showing as to the other.  Id.

Officer
Jenkins received information from a Aqualified@ confidential informant. 
Officer Jenkins was familiar with the informant and had worked with the
informant in the past.  The informant provided Officer Jenkins with detailed
information of appellant=s
recent whereabouts and with his possession of crack cocaine.  An informant=s firsthand observation of
criminal activity provides a strong basis for the informant=s knowledge of the facts he
relays.  Id. at 617.  The informant gave Officer Jenkins numerous
verifiable details such as appellant=s
location, physical description, clothing description, and the make and model of
the vehicle.  Officer Jenkins went immediately to the location and verified the
details given by the informant.  Officer Jenkins saw appellant in the described
vehicle at the location the informant provided.  Soon thereafter,
Officer Jenkins observed appellant leave a residence where drugs were
sold.








Officer
Jenkins corroborated the details given by the informant prior to detaining
appellant.  Corroborating the existence of the cocaine before police may search
for that cocaine is neither necessary nor, in many cases, possible.  Id.
at 619.  Officer Jenkins had probable cause to believe appellant had crack
cocaine in his possession; therefore, the trial court did not err in denying
appellant=s motion to
suppress.  See id.  Appellant=s
sole issue on appeal is overruled.

In
Cause No. 11-07-00373-CR, appellant pleaded true to four violations of his
community supervision as alleged in the State=s
motion to revoke.  Two of the allegations involved the conviction in Cause No.
11-07-00372-CR.  The trial court did not err in denying appellant=s motion to suppress in
Cause No. 11-07-00372-CR.  Moreover, appellant pleaded true to two other
allegations.  Proof of a violation of a single term or condition of community
supervision is sufficient to support a trial court=s decision to revoke.  Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. 1980).  We have considered all of
appellant=s arguments
on appeal, and all are overruled.

The
judgments of the trial court are affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

July 23, 2009

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]We note that appellant=s
name in the indictment in Cause No. 11-07-00372-CR was Andrew Crawford Collier
and that appellant=s name in the indictment in Cause No. 11-07-00373-CR
was Andrew Crawford Collier, Jr.