**Opinion filed July 23, 2009**



**In The**

# Eleventh Court of Appeals

_____

### Nos. 11-07-00372-CR & 11-07-00373-CR

_____

## ANDREW CRAWFORD COLLIER, JR., Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause Nos. 8298D & 7540D**

## M E M O R A N D U M   O P I N I O N

In Cause No. 11-07-00372-CR, the trial court convicted Andrew Crawford Collier, Jr.,[1] upon his plea of guilty, of possession of cocaine with intent to deliver. The trial court assessed his punishment at ten years confinement. In Cause No. 11-07-00373-CR, the trial court convicted appellant, upon his plea of guilty, of possession of cocaine. The trial court placed appellant on community supervision for four years. The State filed a motion to revoke appellant's community

---

[1]We note that appellant's name in the indictment in Cause No. 11-07-00372-CR was Andrew Crawford Collier and that appellant's name in the indictment in Cause No. 11-07-00373-CR was Andrew Crawford Collier, Jr.

supervision alleging numerous violations of the terms and conditions of his community supervision including: committing the offense of possession with intent to deliver a controlled substance, using alcohol, and using marihuana. Appellant pleaded true to those three allegations, and the trial court revoked appellant's community supervision and assessed punishment at four years confinement. We affirm.

In his sole issue on appeal, appellant argues that the trial court erred in denying his motion to suppress. A trial court's denial of a motion to suppress is reviewed for an abuse of discretion. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002); *Caraway v. State*, 255 S.W.3d 302, 307 (Tex. App.—Eastland 2008, no pet.). In reviewing a trial court's ruling on a motion to suppress, an appellate court must view the evidence in the light most favorable to the trial court's ruling. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). We must give great deference to the trial court's findings of historical facts as long as the record supports the findings. *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We also give deference to the trial court's rulings on mixed questions of law and fact when those rulings turn on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89. Where such rulings do not turn on an evaluation of credibility and demeanor, we review the trial court's actions de novo. *Id.*

Officer Chad Jenkins, a special operations agent for the Abilene Police Department, testified that he received information from a confidential informant that a black male driving a tan, mid-1980s model Cadillac was selling crack cocaine in the 1400 block of Mesquite. The informant also gave Officer Jenkins the man's approximate age, height, and weight. On January 29, 2007, the confidential informant contacted Officer Jenkins with additional information that the same black male was seated in the Cadillac in the 1400 block of Mesquite and was wearing a baseball cap, tan jacket, and blue jeans. The informant stated that the black male was in possession of crack cocaine that was inside a black plastic trash bag. Officer Jenkins went directly to the location and saw a black male wearing clothing that matched the description. He was sitting in a vehicle that matched the information. Appellant's physical description also matched that given by the informant.

Officer Jenkins testified that he and Agent Steve Rogers passed by the vehicle and noted a license plate number. Officer Jenkins planned to return to the station and obtain a search warrant.

However, when Officer Jenkins drove by the location a second time, he saw the black male leaving the residence of a known drug dealer. Officer Jenkins and Agent Rogers decided to make contact with the individual when he entered the public roadway. Appellant identified himself to the officers after they went up to him. The officers told appellant they had reason to believe he was in possession of cocaine and requested consent to search appellant. Appellant denied consent to search. Officer Jenkins then informed appellant that he had probable cause to believe appellant was in possession of cocaine and that he was going to conduct a search. Appellant then yelled to the people inside of the residence. The officers thought appellant might run away, and they grabbed him by his clothing. Officer Jenkins reached into appellant's pocket and found a black plastic trash bag containing crack cocaine. Officer Jenkins arrested appellant and advised him of his rights. Upon a further search of appellant, Officer Jenkins found $632. Appellant denied consent to search his vehicle. Officer Jenkins called for assistance in securing the vehicle while he left the scene to obtain a search warrant for appellant's vehicle.

Appellant specifically argues that the trial court erred in denying his motion to suppress because he was searched pursuant to an unlawful arrest. However, Officer Jenkins testified that he found the drugs in appellant's pocket prior to placing appellant under arrest. The drugs were not found as a result of a search incident to arrest.

Circumstances short of probable cause may justify a temporary detention for the purpose of investigation. *Garza v. State*, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989); *Myers v. State*, 203 S.W.3d 873, 882-83 (Tex. App.—Eastland 2006, pet. ref'd). A temporary detention is justified when the detaining officer has specific articulable facts that, taken together with rational inferences from those facts, lead him to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Myers*, 203 S.W.3d at 882-83. The articulable facts used by the officer must create some reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detainee with the unusual activity, and some indication that the unusual activity is related to crime. *Garza*, 771 S.W.2d at 558.

Officer Jenkins received specific information that appellant was in possession of drugs. Officer Jenkins received a detailed description of appellant and his location. Officer Jenkins verified the information he received and then saw appellant leaving a house where Officer Jenkins knew

3

drugs were sold. Officer Jenkins had reasonable suspicion to detain appellant. After detaining appellant, the officers physically restrained appellant when it appeared as though he might attempt to run away. While restraining appellant, Officer Jenkins reached into appellant's pocket and found crack cocaine. We must now determine whether Officer Jenkins had probable cause to search appellant.

Probable cause to search exists when the totality of the circumstances allows a conclusion that there is a fair probability of finding contraband or evidence at a particular location. *Dixon v. State*, 206 S.W.3d 613, 616 (Tex. Crim. App. 2006). Probable cause is a fluid concept that turns on the assessment of probabilities in particular factual contexts. *Id.* In *Illinois v. Gates*, 462 U.S. 213 (1983), the Supreme Court developed the totality-of-the-circumstances test to replace the "two-pronged test" of *Aguilar v. Texas*, 378 U.S. 108 (1964). *Dixon*, 206 S.W.3d at 616. Under the *Gates* test, the "veracity" and "basis of knowledge" prongs of *Aguilar* for assessing the usefulness of an informant's tips are not independent. *Id.* They are relevant considerations in the totality-of-the-circumstances analysis that traditionally has guided probable-cause determinations, and a deficiency in one may be compensated for by a strong showing as to the other. *Id.*

Officer Jenkins received information from a "qualified" confidential informant. Officer Jenkins was familiar with the informant and had worked with the informant in the past. The informant provided Officer Jenkins with detailed information of appellant's recent whereabouts and with his possession of crack cocaine. An informant's firsthand observation of criminal activity provides a strong basis for the informant's knowledge of the facts he relays. *Id.* at 617. The informant gave Officer Jenkins numerous verifiable details such as appellant's location, physical description, clothing description, and the make and model of the vehicle. Officer Jenkins went immediately to the location and verified the details given by the informant. Officer Jenkins saw appellant in the described vehicle at the location the informant provided. Soon thereafter, Officer Jenkins observed appellant leave a residence where drugs were sold.

Officer Jenkins corroborated the details given by the informant prior to detaining appellant. Corroborating the existence of the cocaine before police may search for that cocaine is neither necessary nor, in many cases, possible. *Id.* at 619. Officer Jenkins had probable cause to believe

4

appellant had crack cocaine in his possession; therefore, the trial court did not err in denying appellant's motion to suppress. *See id.* Appellant's sole issue on appeal is overruled.

In Cause No. 11-07-00373-CR, appellant pleaded true to four violations of his community supervision as alleged in the State's motion to revoke. Two of the allegations involved the conviction in Cause No. 11-07-00372-CR. The trial court did not err in denying appellant's motion to suppress in Cause No. 11-07-00372-CR. Moreover, appellant pleaded true to two other allegations. Proof of a violation of a single term or condition of community supervision is sufficient to support a trial court's decision to revoke. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). We have considered all of appellant's arguments on appeal, and all are overruled.

The judgments of the trial court are affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


July 23, 2009

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.