Opinion
issued May 20, 2010

 

 

 



 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.
01-09-00703-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



DANA AARON CALDERONE, Appellant

 

V.

 

THE STATE OF
TEXAS, Appellee

 

 



On Appeal from
the 338th District Court

Harris County,
Texas

Trial Court
Cause No. 1194180

 

 



MEMORANDUM
OPINION

Two bags
of cocaine were found in appellant Dana Aaron Calderone’s pants pocket
following his arrest for public intoxication. 
After the trial court denied his motion to suppress, Calderone pled
guilty to possession of a controlled substance[1]
pursuant to a plea bargain and was placed on four years deferred
adjudication.  In his sole point of
error, Calderone challenges the trial court’s denial of his motion to suppress,
arguing that there was no probable cause for his arrest.  We affirm.

Background

A.      The arrest

 

          On a rainy night, just before 10:00 p.m., security guards
at Houston’s Galleria Mall found Calderone seated on the ground on the
uncovered rooftop level of a six-story parking garage, “balled up,” “on his
tiptoes and knees curled up,” getting wet. 
The area, up a winding garage ramp, was difficult to access on foot.
Calderone did not respond when the guards called to him and they notified the
assistant director of security, Felicia White. 
On her arrival, White saw that Calderone’s location placed him in the
path of vehicles leaving the garage.  At
that time, the mall was closed and employees were leaving for the night.  Concerned for the safety of her security team
and others, White called the Houston Police Department for assistance.  White asked Calderone if he needed any help
and he accepted her offer to come with her in a security vehicle. 

White
took Calderone to a Houston Police Department holding area in a secure part of
the Galleria.  Calderone could not
explain how he got to the garage rooftop.  Although he knew he had a car, could describe
the car, and provided his driver’s license number and a portion of his car’s
license plate number, when asked where his car was parked, the location he gave
was not in the Galleria parking area. 
White directed all her officers to look for Calderone’s car, but it was
never found. 

While
waiting for the police to arrive, White continued to talk to Calderone about
various topics (his job, religion, and residence in Chappell Hill, Texas) in an
effort to “jog his memory” and help him provide her the name of someone to
contact.  In the approximately fifty
minutes it took for the police arrive, Calderone divulged no pertinent
information. White could not determine whether Calderone was intoxicated by
some substance or suffering from a medical problem, but considered his behavior
abnormal.  Because of the location and
circumstances in which he was found, White believed that the Appellant posed a
danger to himself. 

When Officer Rene Campos of the Houston
Police Department arrived, White related “the whole story about the parking
garage and where [Calderone was found].” 
Campos asked Calderone some basic questions and while Calderone answered
some of them, he was unable to tell Campos how to get him home. Campos
testified that Calderone “seemed kind of out of it,” “disoriented like he
didn’t know what was going on…” and “wasn’t aware of his surroundings.” As
Calderone emitted no scent of alcohol, Campos, a patrol officer familiar with
the characteristics of intoxication, believed him to be intoxicated on some
unknown substance and to be a danger to himself because of how “out of it” he
seemed and where he was found. Campos arrested Calderone for public intoxication
and during his search of Calderone pursuant to the arrest, found two bags of
cocaine in appellant’s front left pants pocket. 


B.      The ruling on the motion to suppress

At the
hearing on his motion to suppress, at which both White and Campos testified,
Calderone argued that the arrest for public intoxication violated Texas Code of
Criminal Procedure 14.01(b)[2]
and that there was no probable cause to believe that he was intoxicated.

The
trial court denied the motion, ruling that although the security office was not
a public location that would give rise to a public intoxication arrest,
Calderone’s arrest was nevertheless authorized because he was found in a
suspicious place and under circumstances which reasonably showed that he was guilty
of public intoxication.[3]
 Among the court’s findings of fact[4]
were: (1) appellant was intoxicated by not having the normal use of his mental
faculties; (2) appellant was intoxicated by an unknown substance; and (3)
appellant was a danger to himself and others. 
The trial court concluded that Campos had probable cause to believe that
appellant not only had been publicly intoxicated while on the public place of
the garage roof, but, had Campos allowed him to leave the security office, Calderone would have further violated
the statute.

The
Motion to Suppress

          Appellant’s sole issue
challenges the trial court’s determination of probable cause.  Specifically, appellant argues that Officer
Campos did not have a reasonable belief that appellant was intoxicated.

A.      Standard of Review

          We review a trial court’s decision in denying a motion to
suppress for an abuse of discretion under a bifurcated standard of review
giving almost total deference to the trial court’s determination of historical
facts that depend on credibility and reviewing de novo the trial court’s
application of the law to those facts.  See Balentine v. State, 71 S.W.3d 763,
768 (Tex. Crim. App. 2002); Carmouche v.
State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  When, as here, a trial court makes explicit
findings of fact, we determine whether the evidence, viewed in the light most
favorable to trial court’s ruling, supports the findings.  See
State v. Kelly, 204 S.W.3d 808,
818 (Tex. Crim. App. 2006).  The trial
judge presding at a suppression hearing is the sole trier of fact and judge of
the credibility of the witnesses.  Wiede v. State, 214 S.W.3d 17, 24 (Tex.
Crim. App. 2007).  

B.      Analysis

          Appellant makes no challenge
to the trial court’s conclusion that he was found in a suspicious place.  Appellant’s sole contention is that the
officer lacked probable cause of public intoxication because his belief that
appellant was intoxicated was not reasonable since he had no knowledge of facts
and circumstances that would lead a reasonable person to believe that appellant
was intoxicated.  See Torres v. State, 182 S.W.3d
899, 902 (Tex. Crim. App.  2005) (holding
that probable cause for warrantless arrest requires officer to have reasonable
belief that offense has been committed based on facts and circumstances either
(1) within officer’s personal knowledge or (2) of which officer has reasonably
trustworthy information).  Appellant
asserts that Campos lacked personal knowledge of appellant’s alleged
intoxication because when asked by the trial court about specific behavior that
gave him a reason to believe that appellant was acting abnormal, Campos
responded “it just seemed kind of like he was out of it,” and, when pressed
about appellant’s behavior, Campos answered, “it’s been so long ago I can’t
remember a whole lot.”  Appellant further
argues that Campos did not have reasonably trustworthy information from other
sources as to appellant’s alleged intoxication because apart from the “sequence
of events” and the “whole story about the parking garage,” White did not
specifically detail what information she gave to Campos at the time of the
arrest.  White herself, appellant notes,
was uncertain if appellant was intoxicated or suffered from a health
malady.  

So long
as we determine the trial court’s findings of facts are supported by the
record, viewing the record in the light most favorable to the findings, we must
accord almost total deference to the court’s findings.  See Kelly, 204 S.W.3d at 818; Carmouche,
10 S.W.3d at 327.  Here, both White’s and
Campos’s testimony about their observations of appellant and the circumstances in
which appellant was found support the trial court’s finding that appellant was
intoxicated by an unknown substance such that he did not have the normal use of
his mental faculties.[5]  Viewed in the light most favorable to the
trial court’s ruling, the record supports this finding and, with deference
thereto, we hold that the trial court did not abuse its discretion in
concluding that Campos had a reasonable belief that appellant was intoxicated. 

We
overrule appellant’s sole point of error.

CONCLUSION

We affirm
the judgment of the trial court.

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel consists of Chief Justice Radack
and Justices Bland and Sharp.

Do not publish.   Tex. R. App. P. 47.2(b).

 











[1]
              Between one and four
grams.  See Tex. Health & Safety
Code Ann. §§ 481.102
(3)(D), 481.115(a), (c) (Vernon Supp. 2009).





[2]         Tex.
Code Crim. Proc. Ann. art.
14.01(b) (Vernon 2005) (permitting warrantless arrest if offense is committed
in officer’s presence or view). 

 





[3]           Id. art. 14.03(a)(1) (Vernon
Supp. 2009) (permitting warrantless arrest when person is found in suspicious
place and under circumstances which reasonably show guilt of certain offenses
[including public intoxication] or show that person is about to commit some
offense). 

 





[4]           See
State v. Cullen, 195
S.W.3d 696, 699 (Tex. Crim. App. 2006) (explaining that, when complying with
request for essential findings following motion to suppress, trial court may
issue written findings or may state them on the record).

 





[5]          “Intoxicated” for the
purposes of public intoxication includes not having the normal use of mental or
physical faculties by reason of the introduction of alcohol, a controlled
substance, a drug, a dangerous drug, a combination of two or more of these
substances, or any other substance into the body.  See Tex. Penal Code Ann. § 49.01(2)(A)
(Vernon 2003).