Opinion filed July 29,
2010 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                           No. 11-09-00331-CR

                                                     __________

 

                        BRENDA
LEE DANIEL HARRISON, Appellant

 

                                                             V.

 

                                       STATE
OF TEXAS, Appellee



 

                                    On
Appeal from the 91st District Court

 

                                                          Eastland
County, Texas

 

                                                      Trial
Court Cause No. 21882

 



 

                                            M E M O R A N
D U M   O P I N I O N

                                                                              

            The
trial court convicted Brenda Lee Daniel Harrison, upon her plea of guilty, of
possession of less than one gram of methamphetamine.  The trial court found
both enhancement allegations to be true and assessed her punishment at confinement
for five years.  We affirm.

Sole
Point of Error

            In
her sole point of error, appellant argues that the trial court abused its
discretion when it denied her motion to suppress.  Appellant contends that she
had not committed a traffic offense and, therefore, that Texas Department of
Public Safety Trooper Buddy Wise lacked reasonable suspicion to stop her. 
Appellant further argues that Trooper Wise illegally detained her until a drug
dog could arrive.

Applicable
Law

In
reviewing a trial court’s ruling on a motion to suppress, appellate courts must
give great deference to the trial court’s findings of historical facts as long
as the record supports the findings.  Torres v. State, 182 S.W.3d 899,
902 (Tex. Crim. App. 2005); Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App.
1997).  Because the trial court is the exclusive factfinder, the appellate
court reviews evidence adduced at the suppression hearing in the light most favorable
to the trial court’s ruling.  Carmouche v. State, 10 S.W.3d 323,
327 (Tex. Crim. App. 2000).  We also give deference to the trial court’s
rulings on mixed questions of law and of fact when those rulings turn on an
evaluation of credibility and demeanor.  Guzman, 955 S.W.2d at
87. Where such rulings do not turn on an evaluation of credibility and
demeanor, we review the trial court’s actions de novo.  Guzman,
955 S.W.2d at 87.  An appellate court must uphold the trial court’s ruling
if it is reasonably supported by the record and is correct under any applicable
theory of law.  State v. Steelman, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002);
Romero v. State, 800 S.W.2d 539, 543-44 (Tex. Crim. App. 1990).

A
traffic stop is a detention and must be reasonable under the United States and
Texas Constitutions.  Davis v. State, 947 S.W.2d 240, 245 (Tex. Crim. App.
1997).  To be reasonable, a traffic stop must be temporary and last no longer
than is necessary to effectuate the purpose of the stop.  Florida v. Royer,
460 U.S. 491, 500 (1983); Davis, 947 S.W.2d at 245.   Reasonableness is
measured in objective terms by examining the totality of the circumstances.  Ohio
v. Robinette, 519 U.S. 33, 39 (1996); Caraway v. State, 255 S.W.3d
302, 307 (Tex. App.—Eastland 2008, no pet.).

An officer may check for
outstanding warrants and demand identification, a valid driver’s license, and
proof of insurance from the driver.  Kothe
v. State, 152
S.W.3d 54, 63 (Tex. Crim. App. 2004); Davis, 947 S.W.2d at 245 n.6; Caraway, 255 S.W.3d at 308.  While an
officer is awaiting a computer warrant check, questioning about matters
unrelated to the initial traffic stop does not violate the Fourth Amendment
because such questioning does not extend the duration of an initial valid stop.
 Caraway, 255 S.W.3d at 308.  In some
circumstances, however, extensive questioning about unrelated matters may
exceed the scope of the initial stop.  Id.

When the reason for the stop has
been satisfied, the stop may not be used as a “fishing  expedition for unrelated
criminal activity.”  Davis, 947 S.W.2d at 243 (quoting Robinette, 519 U.S. at 41 (Ginsburg, J.,
concurring));  State v. Wilson, 295 S.W.3d 759, 762 (Tex. App.—Eastland
2009, no pet.); Caraway, 255 S.W.3d at 308.  Once an
officer concludes the investigation of the conduct that initiated the stop,
continued detention of a person is permitted only if there is reasonable
suspicion to believe another offense has been or is being committed. Davis, 947 S.W.2d at 245; Wilson,
295 S.W.3d at 762; Caraway, 255 S.W.3d at 308. After the
purpose of a traffic stop has been accomplished, a police officer may ask for
consent to search a vehicle; however, if consent is refused, the officer may
not detain the occupants or vehicle further unless reasonable suspicion of some
criminal activity exists.  Wilson, 295 S.W.3d at 762; Caraway, 255 S.W.3d at 310-11; Magana v. State, 177 S.W.3d 670, 673 (Tex.
App.—Houston [1st Dist.] 2005, no pet.); Spight v. State, 76 S.W.3d 761, 767-68 (Tex. App.—Houston
[1st Dist.] 2002, no pet.).

Evidence
at Suppression Hearing

            Trooper
Wise testified that he saw appellant driving down a residential street on
September 6, 2008, at 11:25 a.m.  Appellant stopped her vehicle in the middle
of the road and then proceeded down the street.  She did this numerous times. 
She finally stopped about fifteen feet from the stop sign at a busy
intersection that crossed a state highway.  She then sped through the
intersection without stopping at the stop sign.  Trooper Wise testified that he
did not want to be hit by the oncoming traffic so he waited to cross the
intersection before stopping appellant for disregarding the stop sign.  When
appellant pulled over, she stopped in an intersection.

            Appellant
had trouble finding her driver’s license.  She was “fidgety” and “kind of
fumbling around.”  She was more nervous than normal.  She told him that she was
on her way to a shower.   Her speech was not clear, and she mumbled and
rambled.  Trooper Wise stated that he had to “really, really try to pay
attention to her in order to understand her.”  Appellant did not make eye
contact and kept her sunshades on.  The inside of her vehicle “was just trashy”
like she had “been in it for awhile,” and she appeared to be trying to hide
something.  Trooper Wise suspected that she might be impaired.  Trooper Wise
further testified that, based on his training and experience, the trash and
clutter in appellant’s car was consistent with  “somebody that has a chemical
dependency” and that it appeared appellant was trying to hide something.

While
Trooper Wise ran her information through the computer in his patrol vehicle, he
noticed appellant moving back and forth inside the vehicle.  Trooper Wise testified
that her nervousness was escalating.  Trooper Wise was informed that appellant
had a history of arrests concerning methamphetamine.

            Based
on his training, experience, and appellant’s behavior, Trooper Wise asked
appellant to step out of her vehicle.  Appellant told Trooper Wise that she had
been arrested numerous times for methamphetamine, and she made a point to tell
Trooper Wise that she was clean and did not do “that anymore.”  As her
nervousness “seemed to grow,” Trooper Wise had concerns that she might have a
controlled substance on her or in her car.  When Trooper Wise asked for consent
to search, appellant stated that she wanted to get to the party and asked if
Trooper Wise could search her vehicle at a later time.  Trooper Wise told her
that he did not make appointments for searches.   Appellant then explained that
there was a lot of “stuff” in her vehicle, that it would take too long, and
that she wanted to get to where she was going.  After  she denied consent,
Trooper Wise called for the canine unit to come.

            The
canine unit arrived in approximately fifteen minutes, and the dog alerted on
appellant’s vehicle.  A couple of small baggies and several syringes were
recovered.  One of the syringes was used.  The baggies and the used syringe field-tested
positive for controlled substances.  The substance was later identified as methamphetamine. 
A small plastic bag containing four or five little cotton pieces was found
inside her bra.  The cotton also tested positive for methamphetamine.  Trooper
Wise stated that about twenty minutes passed from the time he initially stopped
appellant until the dog alerted on her car.

            Trooper
Wise’s patrol vehicle was equipped with a video recording system.  The
recording was introduced into evidence and supported Trooper Wise’s testimony.

Analysis

            Appellant
argues that the initial traffic stop was not justified because there was no
painted line or crosswalk at the intersection with the stop sign.  In addition,
appellant contends the detention was longer than necessary.  Therefore,
appellant concludes that the trial court erred by denying her motion to
suppress.  We disagree.

            Both
Trooper Wise’s testimony and the digital recording of the stop reflect that
appellant did not stop at the highway intersection stop sign pursuant to Tex. Transp. Code Ann. §§ 544.003, 544.010
(Vernon 1999), § 545.151 (Vernon Supp. 2009).  A stop sign is valid regardless
of whether lines for a crosswalk have been painted.  Section 544.003(c)(2).  In
addition, Trooper Wise had observed appellant driving erratically down a
residential street, coming to a complete stop in the middle of the street, and
then driving forward several times.  The record supports the validity of the
initial traffic stop.

We
disagree with appellant’s contention that the facts of her case mirror the
facts in  Davis, 947 S.W.2d 240.  Davis involved a stop on
suspicion of driving while intoxicated, and the officer detained the defendant
on the conclusion that he did not appear to be someone who was on a business
trip.  Here, Trooper Wise expressed factors that gave rise to a reasonable
suspicion that justified further investigation.  Trooper Wise’s experience and
training indicated that appellant’s demeanor and the appearance of her vehicle
were consistent with someone hiding a controlled substance.  Appellant
volunteered that she had had multiple arrests for possession of
methamphetamine, and Trooper Wise received information that confirmed her
statements.    

The
record reflects that only twenty minutes passed from Trooper Wise’s initial
stop until the time that the dog alerted on appellant’s car.  The record does
not support appellant’s contention that she was detained for an unreasonable
amount of time.

The
trial court did not err in denying appellant’s motion to suppress.  The sole point
is overruled.

Holding

            The judgment of the
trial court is affirmed.

                                                                                                

                                                                                    

July 29, 2010                                                                                       TERRY
McCALL

Do not publish.  See Tex. R. App. P. 47.2(b).                                  JUSTICE

Panel consists of:  McCall, J., 

Strange, J., and Boyd, S.J.[1]









[1]John T. Boyd, Retired Chief Justice, Court of Appeals,
7th District of Texas at Amarillo, sitting by assignment.